### SAN ANTONIO MACHINE & SUPPLY CO. v. ALLEN.   (No. 7258.)

(Court of Civil Appeals of Texas. San Antonio.   Jan. 21, 1925.)

**1. Evidence ⬤⇒397(2)—All prior promises and agreements presumed merged in writing, which, if plain and unambiguous, cannot be added to, varied, or contradicted by parol.**

Presumption is that all prior promises and agreements were merged into and fully expressed by written instrument, provisions of which, if plain and unambiguous, will be enforced as written, and cannot be added to, varied, or contradicted by parol, in absence of clear allegation and proof of fraud, accident, or mistake.

**2. Evidence ⬤⇒461(1)—Parol evidence admissible to show real intention of parties to ambiguous written contract.**

If terms of written instrument are ambiguous, parol evidence may be heard in response to appropriate pleadings to show parties' real intention as disclosed by facts and circumstances surrounding transaction and parties' conduct.

**3. Contracts ⬤⇒176(1), 248—Construction of written contract for court; intent to modify contract for jury.**

Construction of written contract is purely question of law for court, while question whether parties intended to modify it is one of fact for jury.

**4. Evidence ⬤⇒441(1) — Evidence of parol agreements, supplementing written instrument, inadmissible.**

Evidence of parol agreements, supplementing written instrument, offered in plaintiff's trial petition and brief as clearly expressing parties' intention, so far as it purported to, *held* inadmissible, in absence of any claim of fraud, accident, or mistake.

**5. Evidence ⬤⇒450(6) — Parol evidence of whether "gross sales" on which commission was payable included all sales by employer in salesman's territory held admissible.**

Written contract by traveling salesman to represent corporation in "his territory" for compensation, including commission on "gross sales," above certain amount, *held* ambiguous and subject to explanation, under appropriate pleadings, by parol evidence of whether "gross sales" meant only those made by him in person or all sales made by company in his territory.

**6. Judgment ⬤⇒251(1)—Plaintiff not specifically alleging ambiguities in contract and modifications and explanations sought to be made by parol not entitled to judgment.**

Plaintiff, not specifically alleging what words and phrases in contract were ambiguous, or intended to be modified and explained by parol evidence, nor distinctly setting forth such modifications and explanations, was not entitled to judgment based on contract as explained by parol, though his testimony was ample.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by J. W. Allen against the San Antonio Machine & Supply Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

J. C. Scott, of Corpus Christi, and Goeth, Webb & Goeth, of San Antonio, for appellant.
J. D. Todd, of Corpus Christi, for appellee.

SMITH, J.   Appellee was employed by appellant as a traveling salesman for several years prior to 1920, at the beginning of which year the parties made a new contract, evidenced by the following writing:

"It is understood between the Sams Co. and J. W. Allen that the latter is to represent us in his territory on a basis of $400.00 per month, being payable the 1st and 15th of the month, this amount to represent his salary and expenses. It is further agreed that the company is to pay him a commission of 2% on his gross sales exclusive of carload business and special machinery sales over and above the amount of $75,000.00. This contract can

be terminated by either party by giving 30 days' written notice."

At the end of the year appellee made demand upon appellant for a commission of 2 per cent., not only upon all sales made by him in person in the designated territory, but upon all sales made therein by appellant through all other sources as well; that is to say, upon all sales in excess of $75,000, and excluding carload business and special machinery sales. The company refused to pay the amount, contending that under the contract it was obligated to pay the commission only upon sales made through appellee in person. This suit followed, and appellee recovered in accordance with his contention.

In his trial petition appellee grounded his action upon the written contract mentioned, together with certain alleged parol agreements between the parties, whereby the clause "his gross sales," occurring in the written contract, was extended to include the total gross sales made not only through appellee himself, but through all other agents and agencies in "his territory," which was explained to mean 18 specified counties in southwest Texas.

Appellee did not allege that the parol provisions, sought to be interpolated into the whole agreement, had been omitted from the written expression thereof because of any fraud, accident, or mistake, nor that the disputed terms were ambiguous and required oral explanation. He simply set up the written agreement, and the parol modifications thereof, as constituting the whole agreement.

[1] When the parties to an agreement finally enter into a writing purporting to express the terms of the contract, the presumption is that all prior promises and agreements of the parties relating to the transaction have been merged into and are fully expressed by the written instrument. If the terms of the latter are plain and ambiguous, then its provisions will be enforced as written, and cannot be added to, varied, or contradicted by parol, unless it is clearly alleged and proven that the execution of the instrument had been procured by the fraud, accident, or mistake of some of the parties. These rules are so well established as to be obvious.

[2] It is equally well settled, however, that, if the terms of the written instrument are ambiguous, then, for the purpose of explaining the ambiguity, parol evidence may be heard, in response to appropriate pleadings, to show the real intention of the parties, as disclosed by the facts and circumstances surrounding the transaction and the conduct of the parties.

[3] So is it the rule that the trial judge, and not the jury, shall construe written instruments such as the one involved. The question of the construction of the written contract was purely one of law for the court, whereas the question of whether or not the parties intended to modify the agreement, as claimed by appellee, was one of fact for the jury.

So it is well settled that, in the absence of affirmative allegations of fraud, accident, or mistake in the making or execution of a written contract, or of ambiguity in its terms, evidence will not be given effect for the purpose of adding to, contradicting, or varying the terms of such contract, or of explaining their meaning in case of ambiguity.

[4] The allegations of the plaintiff below fall far short of these requirements. There was and is no contention of fraud, accident, or mistake. There was and is, even yet, no contention that there is any ambiguity in the written instrument. On the contrary, appellee in his trial petition, and in his brief here, offers the instrument as clearly expressing the intention of the parties in so far as it purports to do so, but seeks to add thereto the parol agreements now insisted upon for the purpose of supplementing the written effort. In taking this position appellee comes squarely in conflict with the rule against parol variations or additions to written contracts. These distinctions may appear to be technical. They may in fact be technical, but they are also fundamental, and must be enforced in aid of the sanctity of written obligations.

[5] Appellant contends that the written instrument under consideration appears upon its face to be a full, clear, and complete expression of the whole agreement of the parties, and is therefore not subject to explanation for any purpose. We do not agree with this contention. The instrument is obviously ambiguous in the phrase "his territory." So, it may very well be said that the meaning of the phrase "his gross sales" is not clear, and under appropriate pleadings may be subject to parol explanation, such as was offered through the testimony in this case. Even if it might be positively said that the isolated term means "gross" sales made by appellee in person, as contended by appellant, yet when the term as here used is considered in connection with the context of the instrument in which it appears, and especially in view of the affirmative exclusion from "his gross sales" of carload business and special machinery sales, the meaning of the whole phrase, as well as of the word "gross," becomes involved and obscure, and subject to explanation under appropriate pleadings.

[6] But it devolved upon appellee to set out in specific allegations the words and phrases claimed by him to be ambiguous, or which he intended to modify or explain by parol evidence, and to also distinctly set forth those modifications and explanations. Having failed to do so, he was not entitled to judgment even though his testimony was ample.

For this error, and for the error in the court's charge in connection with special issue No. 1, the judgment must be reversed and the cause remanded for a new trial.