## SAN ANTONIO MACHINE & SUPPLY CO. v. ALLEN.  (No. 7461.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 23, 1925. Rehearing Denied Jan. 20, 1926.)

1. **Evidence** ⚖➡450(6)—**Parol evidence admissible as to meaning of written contract that salesman might represent company in "his territory," receiving commission on "gross sales."**

Written contract that traveling salesman might represent company in "his territory," compensation to include commission on "gross sales," *held* sufficiently ambiguous so that under appropriate pleadings oral proof should be allowed to show meaning and construction placed thereon by parties.

2. **Trial** ⚖➡352(4)—**Jury's finding that gross sales meant all territory sales, including unsolicited sales, held not defective as enlarging liability.**

In suit to recover on contract of employment providing that traveling salesman should receive commission on "his gross sales" within territory, finding of jury that term quoted meant "all territory sales" was not rendered defective, because they also found that unsolicited sales were included; defendant's liability not thereby being enlarged.

3. **Appeal and error** ⚖➡930(3)—**Where meaning of interpolation in jury's finding is problematical, it will be resolved in support of verdict, in absence of explanation.**

Where jury, in answer to issue as to what was meant by term "his gross sales" as used by parties to employment contract, found, among other things, that unsolicited sales were included, which amount was determined by averages and approximations *held* that, though meaning of interpolation was problematical, in absence of explanation it should be resolved in support of verdict and judgment rather than to impair it.

4. **Appeal and error** ⚖➡742(1)—**Proposition will be overruled when based on assignment raising no such question.**

Where assignment raises no question which will support proposition based thereon, proposition will be overruled.

5. **Appeal and error** ⚖➡742(1)—**Proposition will be confined to own scope embraced in assignment on which predicated.**

Proposition, based on assignment in which complaint is confined to one question asked on

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cross-examination, will be confined to its own scope.

**6. Appeal and error ⬅1207(3)—Trial court, rendering judgment for costs on former appeal in favor of appellee, erred, when Court of Civil Appeals had adjudged costs against him.**

Action of trial court in rendering judgment in favor of appellee for all costs on former appeal *held* error, where Court of Civil Appeals on former appeal adjudged costs against appellee.

**7. Appeal and error ⬅1172(5)—Cause will be reversed because of error of trial court in taxing costs on former appeal in favor of appellee only so far as to reverse judgment as to costs.**

Trial court's rendering of judgment for costs of former appeal in favor of appellee, after Court of Civil Appeals had adjudged costs against him, does not require reversal of judgment, which will be affirmed as affects cause on merits, and reversed as to costs on former appeal.

**8. Costs ⬅245—Costs of appeal will be taxed against appellee, where appellant properly challenged error of trial court in taxing costs of former appeal.**

Where action of trial court in taxing costs of former appeal in favor of appellee, after Court of Civil Appeals had adjudged costs against him, was properly and seasonably challenged by appellant, costs of appeal from judgment will be taxed against appellee.

On Motion for Rehearing and to Retax Costs.

**9. Costs ⬅254(5)—Fee of stenographer for making transcript of evidence is part of costs of appeal.**

Fee of stenographer for making transcript of evidence taken upon trial in lower court is a part of the costs of appeal, to be paid by party losing on such appeal, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1924.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by J. W. Allen against the San Antonio Machine & Supply Company. From a judgment for plaintiff, defendant appeals. Affirmed in part, and in part reversed and rendered.

J. C. Scott, of Corpus Christi, and Goeth, Webb & Goeth, of San Antonio, for appellant.

J. D. Todd, S. P. Chandler and H. R. Sutherland, all of Corpus Christi, for appellee.

SMITH, J. This is the second appeal in this cause. 268 S. W. 532. The suit was brought by J. W. Allen against the San Antonio Machine & Supply Company to recover commission and salary alleged to be due him under the terms of the following memorandum contract executed by the parties:

"San Antonio, Tex., Jan. 1, 1920.

"It is understood between the Samsco & J. W. Allen that the latter is to represent us in his territory on a basis of $400.00 per month, being payable the 1st and 15th of the month,' this amount to represent his salary & all expenses. It is further agreed that the company is to pay him a commission of 2 per cent. on his gross sales, exclusive of car load business and special machinery sales, over and above the amount of $75,000.00. This contract can be terminated by either party by giving 30 days written notice.

"[Signed]    A. A. Willke,
"F. B. Sechrist,
"C. C. Krueger.
"[Signed]    J. W. Allen."

[1] Appellee contends that the language of the contract as written is ambiguous; that the "territory" therein mentioned embraced certain named counties; and that the term "his gross sales," used in the contract, was intended to embrace all sales of appellant's goods made in Allen's territory, whether such sales were made or procured by him or by other agents or agencies of the company. In the opinion on the former appeal this court held that under appropriate pleadings these terms were sufficiently ambiguous to allow parol proof of the meaning and construction placed thereon by the parties. We adhere to that holding, and proper pleading and proof was made thereunder upon the last trial. We therefore overrule appellant's first, second, fifth, and seventh propositions of law, in which the question is again presented for review.

[2] The trial court submitted to the jury the issue of "what is meant by the term or phrase 'his gross sales,' as used and understood by the parties at the time they made said contract?" To which the jury answered:

"All the entire territory sales, excluding special machinery sales and carload sales, also sales which would naturally occur unsolicited (this amount determined by averages and approximations of jury)."

Appellant contends that the jury went out of their way to include "sales which would naturally occur unsolicited" within the meaning of the phrase "his gross sales." Appellant contends that the contract sued on, even when construed as broadly as appellee construed it, does not encompass such an element as sales "which would naturally occur unsolicited." It is true that this expression does not appear in appellee's pleadings, and, if it were deemed material, it would also be deemed fatal to the finding. But in the light of the record, and of the preceding finding of the jury that "all territory sales" were included in the meaning given by the parties to "his gross sales," the inclusion of unsolicited sales added nothing to the finding, and did not serve to enlarge appellant's liability thereunder. In other words, the additional clause appears to be mere surplusage, and could be omitted without affecting the liability or duty of the parties. Appellant's third

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

proposition, relating to this question, will be overruled.

[3] Appellant also complains of the action of the jury, as disclosed in the concluding sentence in said answer, in determining the amount of unsolicited sales "by averages and approximations of jury." The meaning of this interpolation in the jury's answer is quite problematical, and, in the absence of any explanation thereof from the jurors themselves, it would be impossible to appraise its influence upon the ultimate findings of the jury, or its weight, if any, as affecting the validity of the verdict. The point is an unusual one, but we see no reason why the incident, unexplained, should be so construed and given effect as to impair the integrity of the verdict and judgment; rather should it be resolved, in the absence of explanation, in support thereof. We conclude that, if appellant was dissatisfied with this phase of the verdict, it rested under the duty of calling the foreman or other jurors and examining them under the direction of the court touching the meaning, purpose, and effect of the queer appendage to their finding. The fourth and ninth propositions are overruled.

[4] In its sixth proposition appellant contends that the judgment against it should in no event exceed $153.30. This proposition purports to be based upon appellant's twenty-eighth assignment of error, but, as that assignment raises no such question, it will not support the proposition, which is accordingly overruled.

Appellant's twelfth assignment of error, upon which its fourth proposition is predicated, is that—

"The court erred in allowing the plaintiff's attorney, upon cross-examination of F. B. Sechrist, a witness for the defendant, over the objection of defendant, to ask the following question:

"'Q. Did you tell Mr. Burrow and Mr. Traeger that it cost you $1,500 to get on friendly terms with J. W. Allen?'"

[5] In its statement under its said fourth proposition appellant sets out at some length the testimony of said witness Sechrist and other witnesses for the purpose of showing that all of those witnesses were permitted to testify to immaterial matters which were prejudicial to appellant; that the testimony of other witnesses was admitted to impeach Sechrist's testimony upon immaterial matters, and without a proper predicate therefor. But the proposition may not be permitted to cover a broader field than that embraced in the assignment upon which it is predicated, in which the complaint is confined to the one question asked Sechrist. Tested by its own terms, and confined to its own scope, as it must be, the assignment presents no error, and both the assignment and proposition based thereon must therefore be overruled.

[6, 7] We have disposed of all of appellant's propositions except the eighth, but for which the judgment of the court would be affirmed as it was rendered below. It appears from the record, however, that in the judgment of this court on the former appeal the costs of that appeal were adjudged against the appellee. Notwithstanding that judgment of this court, however, the trial court in the last trial rendered judgment in favor of appellee for all costs "incurred or paid or expended" by appellee in the former appeal. This was error, as a matter of course. The judgment of this court was final in all aspects, including the adjudication of the costs of that appeal, and the trial court, of course, had no power to set aside that judgment. This does not require a reversal of the judgment in this cause, however. It is sufficient to affirm the judgment in so far as it affects the cause on its merits, and to reverse the judgment as to the costs of the former appeal and render judgment for appellant in that particular. This will be done.

[8] As the action in the matter of costs was properly and seasonably challenged by appellant in the court below, it is incumbent upon this court to tax the cost of the appeal against appellee, which is accordingly done.

Affirmed in part, and in part reversed and rendered.

On Motion for Rehearing and to Retax Costs.

Appellee has filed a motion for rehearing for the purpose of retaxing the costs of this and the former appeal.

[9] It is contended that the item of stenographer's fees incurred in the former appeal was improperly taxed against appellee, notwithstanding the reversal on that appeal. It is probably true that a motion to retax the costs of appeal in that case comes too late at this time, but, be that as it may, the fee of the stenographer for making the transcript of the evidence taken upon the trial in the lower court, is a part of the costs of appeal, to be paid by the party losing on such appeal. They were properly so taxed in the former appeal in this cause. Article 1924, Vernon's Sayles' Ann. Civ. St. 1914; Pullman Co. v. Hays (Tex. Com. App.) 271 S. W. 1108.

As stated in the original opinion on this appeal, the trial court upon the second trial decreed in the judgment that appellee recover of appellant all costs incurred in the former appeal, and we held, as shown in the opinion herein, that the trial court was without authority to render such decree, and erred in doing so. We held also that, although the judgment below would not be otherwise disturbed, the costs of the present appeal must be taxed against appellee, since appellant made timely objection to that decree in the trial court, and assigned and prosecuted error thereon. Appellee now moves that the costs as thus disposed of be

retaxed, and assessed against appellant. We overrule this motion. The decree of the trial court in the matter in question was erroneous. According to the opinion rendered on the main case it was the only error committed upon the trial, and was so material as to require reversal and rendition as to that decree. The error occurred through no fault of appellant, who had consistently protested against it throughout the proceedings in both courts.

We appreciate the point made by appellee that this disposition of the costs largely offsets the amount recovered by him in the judgment appealed from and here affirmed in his behalf, and that a hardship is thus worked upon him. But it would not only be against all precedent, but would be inequitable as well, to tax appellant with the costs of an error for which it was in no wise responsible, and against which it has consistently protested in both courts.

Appellee's motion must be overruled.