**SAN ANTONIO MACHINE & SUPPLY CO. v. ALLEN. (No. 671–4562.)**

(Commission of Appeals of Texas, Section B. June 9, 1926.)

**1. Appeal and error ⬤⟿878(2).**

Court of Civil Appeals' judgment assessing costs of appeals against appellee not applying for writ of error is final.

**2. Contracts ⬤⟿176(1).**

Court alone, as matter of law, should construe unambiguous written contract.

**3. Evidence ⬤⟿397(1).**

Parol evidence is inadmissible to vary or explain terms of unambiguous written contract, in absence of fraud, accident, or mistake.

**4. Contracts ⬤⟿176(1).**

Contract provision for payment of commission on sales, "exclusive of carload business and special machinery sales," held unambiguous, and hence for court to construe.

**5. Evidence ⬤⟿413.**

Parol testimony, explaining word "territory" in salesman's contract to represent company "in his territory," held inadmissible to vary unambiguous, independent provision for payment of commission on sales, in absence of controversy as to territory involved.

**6. Contracts ⬤⟿176(1).**

Provision of salesman's contract for commission "on his gross sales" above certain amount held unambiguous and for court to construe.

**7. Master and servant ⬤⟿70(2).**

In absence of allegation or proof that words, "his gross sales," in contract to pay salesman commission, were used in special or technical sense, they will be taken to mean that he must make sales to receive commissions.

**8. Costs ⬤⟿42(5).**

Where defendant in error recovers more than amount tendered, though less than amounts sued for and awarded by trial court and court of Civil Appeals, costs of trial court must be assessed against plaintiff in error.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by J. W. Allen against the San Antonio Machine & Supply Company. Judgment for plaintiff was affirmed in part and reversed and rendered in part by the Court of Civil Appeals (279 S. W. 493), and defendant brings error. Reversed and rendered for plaintiff in lesser sum.

See, also, 268 S. W. 532.

J. C. Scott, of Corpus Christi, and Goeth, Webb & Goeth, of San Antonio, for plaintiff in error.

J. D. Todd, S. P. Chandler, and H. R. Sutherland, all of Corpus Christi, for defendant in error.

POWELL, P. J. During all of the year 1920 and during January and February, 1921, one J. W. Allen acted as traveling salesman in the Corpus Christi territory for the plaintiff in error. He worked under the following written contract, to wit:

"San Antonio, Texas, January 1, 1920.

"It is understood between the Samsco and J. W. Allen that the latter is to represent us in his territory on a basis of $400.00 per month, being payable the 1st and 15th of the month, this amount to represent his salary and all expenses. It is further agreed that the company is to pay him a commission of 2 per cent. on his gross sales, exclusive of carload business and special machinery sales, over and above the amount of $75,000. This contract can be terminated by either party by giving 30 days' written notice.

"[Signed]     J. W. Allen.
"[Signed]     A. D. Willke.
       "F. B. Sechrist.
       "C. C. Krueger."

At the end of 1920, the company (its trade-name was "Samsco") sent Allen a check for $84, which it found, under its contract, it was due him for his commissions for that year in addition to his regular salary. Allen refused to accept the check, contending that his commissions were largely in excess of that amount. The sole material controversy arose over his claim that his commissions were to

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

apply to *all sales* made by the company in his territory, exclusive of carload business and special machinery, whether *he* had made such sales or not. It was shown that the company received many mail and telephone orders with which Allen had nothing to do. Allen wanted a commission on sales of that kind.

Alleging his version of the contract, and contending that the contract itself was ambiguous, Allen sued the company for $1,808.67, with legal interest thereon from March 1, 1921, that amount being 2 per cent. commissions on $90,433.68, which latter amount he alleged to be the company's sales in excess of $75,000.

Upon a trial before a jury, the construction of the contract was submitted to it. It adopted Allen's view, but found that the sales in excess of $75,000 were only $40,844.22. Therefore the trial court awarded him a judgment for $816.88, with legal interest from the date aforesaid.

Upon appeal to the Court of Civil Appeals, that court affirmed the judgment in favor of defendant in error for the $816.88 aforesaid, but reversed and rendered the judgment of the trial court in the following respect:

"We have disposed of all of appellant's propositions except the eighth, but for which the judgment of the court would be affirmed as it was rendered below. It appears from the record, however, that in the judgment of this court on the former appeal the costs of that appeal were adjudged against the appellee. Notwithstanding that judgment of this court, however, the trial court in the last trial rendered judgment in favor of appellee for all costs 'incurred or paid or expended' by appellee in the former appeal. This was error, as a matter of course. The judgment of this court was final in all aspects, including the adjudication of the costs of that appeal, and the trial court, of course, had no power to set aside that judgment. This does not require a reversal of the judgment in this cause, however. It is sufficient to affirm the judgment in so far as it affects the cause on its merits, and to reverse the judgment as to the costs of the former appeal and render judgment for appellant in that particular. This will be done. As the action in the matter of costs was properly and seasonably challenged by appellant in the court below, it is incumbent upon this court to tax the cost of the [this] appeal against appellee, which is accordingly done."

[1] The defendant in error filed a motion for rehearing in the Court of Civil Appeals attempting to get that court to relieve him of costs upon each of the appeals. Said motion was overruled. No application for writ of error was filed by defendant in error. Therefore that part of the judgment of the Court of Civil Appeals is final, and the costs of both appeals stand assessed against defendant in error.

The opinion of the Court of Civil Appeals in the instant case is reported in 279 S. W. 493. That opinion states the case fully, and also the reason for the reversal of the case upon the first appeal.

[2, 3] It is insisted in this court, by plaintiff in error, as it has contended in every court at all times, that this contract is clear and free from ambiguity, and that its meaning should not have been submitted to the jury. We think this assignment must be sustained. The Court of Civil Appeals admits that the court alone, as a matter of law, should construe a written contract in the absence of ambiguity. That court also admits that parol evidence will not be admitted to vary or explain the terms of this contract, no fraud, accident or mistake in its execution being alleged or proved, unless it can be said that the same is ambiguous. These rules of law are correct, but we differ with that court in its conclusion that the contract itself is ambiguous. Now, addressing ourselves to this point, in what respect can it be said that the contract is ambiguous?

The trial court seemed to think it ambiguous in three respects: (1) What counties constituted his "territory"; (2) what was meant by "his gross sales"; (3) what was meant by "exclusive of carload business and special machinery sales." We make this statement because the trial court submitted those three issues to the jury with reference to ambiguity. The jury answered the first question by listing the counties in Allen's territory. It answered the second question by saying that "his gross sales" meant all the company's sales, whether solicited and procured by Allen or not. The third question was answered, as indeed it must have been, by using the very same words the jury were asked to define.

[4] The Court of Civil Appeals does not contend that there was any ambiguity about the third question submitted to the jury, and we think there was none. The jury's answer threw no additional light upon the question. The Court of Civil Appeals says but little about the first question submitted to the jury in this connection.

[5] As we view this record, there is no controversy over the "territory" involved. The company was entirely willing to pay Allen his commissions on everything *he* had sold *anywhere*. Of course, the word "territory" is not complete. Testimony upon this point, in case of a controversy, would have been admissible. Such parol testimony would merely have explained an incomplete portion of the contract. It would not have changed or varied what had been written. But certainly it cannot be said that evidence of this kind can be introduced with reference to an uncontroverted and immaterial portion of a contract so far as this suit is concerned, for the sole purpose of varying and holding for naught by parol testimony another portion of the contract upon which the suit is based and which is in fact in no sense ambiguous. It certainly would not be fair to overturn by parol certain *independent portions* of a written contract, just because one other portion thereof might need amplification or explanation. And such a

course would not be permitted, in any event, where the one portion of the contract needing amplification was entirely immaterial to the case at bar and uncontested, as is true here.

[6] The Court of Civil Appeals cites no authority to the contrary of our view, and we think none can be found. Such a rule would not stand the test of reason. In fact, we think the Court of Civil Appeals must have believed that "his gross sales" was ambiguous. In fact, it says so. That was the one and only material issue in the case. If that particular language is ambiguous, then, and only then, was there any justification for submitting the construction of this contract to a jury. Was that very clause ambiguous? We think not.

[7] There is no allegation or proof that those three words were used in any special or technical sense. Therefore it must be held they were employed in their ordinary meaning. A *court* would know what "sales" by a traveling salesman are. And, Allen knew what they were. The word "gross" has a definite meaning, and all the parties must have understood it alike. And every one knows what "his" means. "His" does not include "them" or "others." It would be a strained construction to so hold. This phrase meant, and could only mean, that *Allen* must make the *sales* himself in order to receive commissions. The sales must be *his*.

If the judgments of the lower courts should stand in this case, it would only mean that a contract the parties reduced to writing has been grossly violated by the introduction of parol testimony. The advantage of upholding written contracts as written has long been recognized by all the courts. The agreements of the parties are reduced to writing in order to avoid the very thing which has been here attempted.

This contract should have been construed by the court, and, when so construed, the contention of plaintiff in error should have been adopted by the court. Under the proof, it is clear that, as construed by the company itself, Allen was entitled to commissions of $153.33. The commissions on January 1, 1921, were $84. But, adding the commissions for January and February, 1921, the amount was increased to the sum of $153.33 aforesaid. Counsel for plaintiff in error, in oral argument before our court, admitted that Allen was due this much recovery.

[8] In view of what we have said, we recommend that the judgments of the district court and Court of Civil Appeals be reversed, and judgment rendered by the Supreme Court in favor of defendant in error and against plaintiff in error for $153.33, together with interest thereon from March 1, 1921, at the rate of 6 per cent. per annum. We further recommend that the defendant in error be required to pay all costs in the Court of Civil Appeals and Supreme Court upon either or both appeals, and in making this recommendation we give full effect to the final decree of the Court of Civil Appeals with reference to costs in its court upon both appeals. We further recommend that the costs of the trial court be assessed against plaintiff in error, since the recovery recommended here in behalf of defendant in error is in excess of any amount at any time tendered him by plaintiff in error.

CURETON, C. J. Judgments of the district. court and Court of Civil Appeals reversed, and judgment rendered as recommended by the Commission of Appeals.