## SEIDEMAN v. CALLAHAN.
### No. 8484.

Court of Civil Appeals of Texas. San Antonio.
Dec. 3, 1930.

Rehearing Denied Jan. 21, 1931.

W. S. Anthony and Wayne Davis, both of San Antonio, for appellant.

Bliss & Daffan, of San Antonio, for appellee.

FLY, C. J.

This is a suit instituted by appellee against appellant to recover damages in some sum not disclosed in terms in the allegations or prayer. A trial was had by jury on special issues, and upon the answers judgment was rendered in the sum of $7,500.

The jury found that Hugh Dixon was the agent of appellant in the sale of his property, and was acting as such; that he was not the agent of appellee with consent of both parties; that Dixon made false representation as to the existence of a mineral called glauconite on the land of appellant in paying quantities; and that appellee believed and acted on such representation. There was nothing, either by knowledge of the land or otherwise, to put appellee upon inquiry as to the existence and value of the mineral represented to be in the land. The jury also found that the land was not worth more than $2,500, but would have been worth $10,000 if the representations had been true. It was alleged and proved that appellee paid $2,066.54 in cash and executed a note for $4,933.46, aggregating the sum of $7,000, for the land. The cash consideration of $2,066.-54, or its equivalent, as alleged, consisted of certain notes executed to appellee, which were indorsed and transferred to appellant. No cash really passed between the parties.

■ We conclude that the evidence showed a sale of the property and not an exchange. The sale was made, the consideration being promissory notes in the sum of $2,066.54, which were assigned by appellee to appellant as the equivalent of cash, and the balance of the purchase money was secured by a promissory note executed by appellee to appellant. There could not have been an exchange because appellee did not execute a deed to any land owned by him to appellant, and land belonging to appellee in no way entered into the terms of the contract. The transaction comes squarely within the terms of article 4004, Revised Statutes, and the measure of damages fixed therein was properly adopted by the trial court as the measure of damages in this case. The statute is as follows:

"All persons guilty of such fraud shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented or as it would have been worth had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract."

The rule of damages stated in the statute was made applicable by the facts of this case, and the rule was submitted by the trial court to the jury. The rule seems untenable and without basis in reason, but it is the law, and its constitutionality is not assailed.

■■ As to the sufficiency of the evidence to sustain the damages assessed, a grave question arises. We fail to find that the ap-

pellant ever represented to appellee that his land was worth $10,000, and it is not apparent from the record that the verdict was based upon anything except the allegations of the petition, which are rather indefinite and uncertain, and are not followed in a prayer for any definite amount. The prayer is as follows:

"Premises considered, plaintiff sues, and the said Seideman having already appeared and answered herein, plaintiff prays that, on final hearing, he have judgment against the said Seideman for the amount of his said damages as hereinbefore alleged and all costs of this suit; and plaintiff also prays for general relief."

A reference to the allegations in the petition fails to show that it was alleged that the property was worth $10,000. It was alleged that appellant represented that there was glauconite in marketable quantities on the land, and the evidence of experts tended to show that the representation was true. There was glauconite on the land, but appellant nor any one else could deceive another by representing the quantities concealed in the land. Appellee saw the land, and was on a common basis with appellant as to how much of the mineral was buried in the earth. No man of even the most ordinary intelligence could be deceived by an opinion as to the quantity of a certain mineral concealed in a certain piece of land, even though the vendor had stated that he had taken glauconite in paying quantities from the land. It was beyond the bounds of human knowledge to know how much had been left. There can be no actionable fraud where each party is equally cognizable of the facts. Appellee testified that appellant at no time represented that the land was worth any certain sum or that there was glauconite in the soil.

Dixon was shown to be the agent, with other brokers, to sell the land, and appellee swore that he made extravagant representations as to the value of the mineral in the soil, and, according to the value he placed on the mineral, appellee might have recovered $500,000 as damages, but no representation was made that the property was worth $10,000. Appellant sold it to appellee for notes valued at $7,000, but which the testimony indicated were not worth more than $4,000. The evidence fails to sustain the verdict, which, as before stated, must have been based on the allegations and statements of certain jurymen after retirement.

The conduct of the jury was quite improper, and it may be surmised with some degree of reason that more testimony to support the verdict was heard in the jury room than in open court. Such conduct strengthens a reversal on insufficiency of the evidence.

The fact that appellee purchased the note he had executed for less than half its face value, while entirely irrelevant, could not have been injurious to appellant. It merely showed that appellee's paper was below par. It may also have tended to show that appellee paid about $4,000 for the property and kept it, and, in addition, recovered damages in the sum of $7,500.

The other errors of which complaint is made are not likely to occur on another trial, and need not be considered on this appeal.

The judgment is reversed, and the cause remanded.