**PATTON   v.   CREWS et al.**

No. 15475.

Court of Civil Appeals of Texas.
Fort Worth. ·

Jan. 15, 1954.

Rehearing Denied Feb. 12, 1954.

Rogers & Eggers, and Guy Rogers, Wichita Falls, for appellant.

No attorney represented appellees on this appeal, hence no brief filed in this court for appellees.

Nelson & Sherrod and Stanley Kirk, Wichita Falls, filed motion for rehearing on behalf of appellee.

MASSEY, Chief Justice.

From a judgment for plaintiffs in the amount of $2,571.55 to be applied as credit upon a debt of $4,514.59 owing the defendant, the defendant appealed. The trial court adjudicated the indebtedness owing defendant at $4,514.59 before application of credit at the figure of $2,571.55.

Judgment reversed as to appellees and rendered for appellant in the amount of $4,514.59.

During the year of 1952 Ira Crews and J. M. Crews were doing business as Crews Brothers, Contractors. They were in the

construction business in the vicinity of Wichita Falls, Texas, and they had acquired nine lots upon which they proposed 'to build nine houses, primarily as speculative enterprises. In other words, they wanted to build houses and place them on the real estate market to sell them at a profit. J. F. Patton was in business in Wichita Falls, Texas, using the business name of Patton Roofing Company. He was doing business in the nature of that done by many lumber yards in that he was entering into contracts with building contractors whereby he arranged for the financing of such contractors in the building of houses, and at the same time provided as part and parcel of the contracts upon said transactions to furnish all the material to be used by the contractors, meet the pay rolls of their employees and the contractual payments to their subcontractors, and keep all bookkeeping records of the enterprise until it was concluded.

As to the proposed enterprise of Crews Brothers, Contractors, Ira and J. M. Crews did on or about May 16, 1952, contract with J. F. Patton in accordance with the aforementioned character of usage. In part the contract provided: "Supplier is to furnish all material needed to build said houses at his regular retail price and to furnish money for payroll and subcontractor during construction. * * *"

By August 15, 1952 there had been completed and sold five of the contemplated nine houses. About this time there was arisen a dispute between the brothers Crews and Patton. As result of this, Ira and J. M. Crews sued J. F. Patton alleging the contract, which was made a part of their cause of action, alleging their willingness, readiness and ableness to carry out their part of the same at all times prior to institution of the suit together with their offers in this regard. Then they alleged that Patton refused to perform the duties incumbent upon him as his part of the contract as a breach thereof on his part. They alleged that by reason of such breach on the part of Patton that they were denied a profit of $6,000 upon the four houses that they could not build and sell upon their remaining lots because of the breach of the contract by Patton, and they sued for damages in said amount, with interest and costs. They sued also for an accounting from the books, records and accounts as to the enterprise in so far as there had been performance upon the contract, and for such monies as Patton might owe to them upon the transaction to date of the suit, as such accounting revealed owing to them by him.

J. F. Patton, as defendant to said suit, filed his answer and cross-action against the brothers Crews and alleged they owed to him upon the contract a sum slightly in excess of the indebtedness finally found by the jury to be their indebtedness to him to date of the suit. He denied any breach of the contract to the plaintiffs and affirmatively plead an agreed cancellation as to further performance thereunder by the parties thereto upon there having been a decline in the real estate market about the time the five houses completed were finished and sold. Patton joined the plaintiffs in request and prayer for an accounting to date of the suit, and prayed for judgment for his debt.

It is to be noted that both plaintiffs and defendant in their pleadings sued in reliance upon the written contract. Nowhere was there any fraud or duress, etc., alleged in connection with its execution nor was it sought to be set aside either in whole or in part, or reformed in any respect by either party. The suit was based upon the contract as it read, and indeed, during the course of the trial and at its very beginning and during the time the first witness' testimony was being introduced, the plaintiffs, through their attorney in the trial court, took the position in the course of objection to questions asked such witness by the defendant's attorney that this was a suit upon a written contract and testimony by the witness that would vary or in any way affect or change the terms of the same would be improper. However, in the plaintiffs' petition upon which they went to trial they alleged that the defendant Patton prepared the contract in the presence of the plaintiffs, or one of them, and that he chose his own words in the preparation of the same, and

as to the provision thereof—*"Supplier is to furnish all material needed to build such houses at his regular retail price * * *"* ·(emphasis ours) did at the very time of preparation of and execution of the contract represent to the plaintiffs that the phrase meant that he would sell his merchandise to them at prices as low or lower than the prices at any other lumber yard in Wichita Falls. · Despite the allegation, the extent of its use in so far as the rest of the plaintiffs' petition is referable thereto is the contention on the part of the plaintiffs that by reason thereof the defendant Patton is estopped to make claim against the plaintiffs for amounts upon items of the account upon which the debt owing such defendant is based which would be in excess of the lowest prices charged · in Wichita Falls during the period in question.

During the course of the trial the defendant properly objected and excepted to all evidence of the plaintiffs which was introduced and accepted by the trial court whenever such evidence tended to vary the terms of the written contract upon which plaintiffs' action was founded. He likewise objected and excepted to the evidence which was introduced and accepted by the trial court tending to establish lower prices at which other lumber yards of Wichita Falls would have furnished similar material. Later, when the charge of the court was prepared, the defendant excepted to the submission of issues to the jury based upon such evidence so received. It is to be noted that the plaintiffs never offered any trial amendment in any way asserting a cause of action varying from that of the petition before the court at the beginning of the trial.

There was no issue submitted to the jury requiring them to establish by a finding the amount of the debt owing by plaintiffs to defendant. From the judgment it is clear that it was $4,514.59. There·was an issue ·submitted to the jury upon breach of contract by the defendant and there was an issue submitted upon damages resulting to plaintiffs as result of the breach of the·contract. However, the trial court has expressly disregarded the answers of the·jury made to these issues and no appeal has been

taken by the plaintiffs. Therefore,. this ·case is one where the plaintiffs owed $4,-514.59 as of date they instituted suit against their creditor, and by the verdict and judg-.ment in the case they obtained a finding that they were entitled to credits as against such amount owing in the amount of $2,-571.55.

This credit in such amount was given in the judgment as the result. of the ·jury finding for plaintiffs that at the time of the execution of the contract the defendant told the plaintiffs that the words therein "at his regular retail price" meant as low or lower than the material could be purchased at any other lumber yard in town, that the plaintiffs relied upon such representations by defendant, and that the. plaintiffs could have obtained the material defendant did furnish to them at other lumber yards in Wichita Falls for an amount $2,571.55 lower than the price charged them by defendant. · It is to be noted that the jury did find that the defendant did charge the plaintiffs his (the defendant's) regular retail price for the material he did furnish to them under the contract.

Judgment was entered in favor of the defendant and against plaintiffs in the net amount of $1,943.04 ($4,514.59 less $2,571.-55) and the defendant appealed. He is the appellant here. No appeal was taken by plaintiffs. They are before us as appellees.

The legal theory of written contracts includes the presumption that the writing itself merges into the instrument all the oral agreements then existing between the parties, the writing thus becoming itself an instrument embodying the parties' whole and entire agreement. Lewis v. East Texas Finance Co., 1941, 136 Tex. 149, 146 S.W.2d 977. In the absence of fraud, accident, or mistake, parol evidence is inadmissible to vary, add to, or contradict the terms of a valid written instrument. This is a proposition of such universal acceptation that it is unnecessary to cite authorities to sustain it. Likewise, in order to vary, add to, or contradict such an instrument by oral testimony, fraud, accident or mistake must be alleged as foundation of

the right to introduce such parol evidence. No such allegations were made in the pleadings of this case, hence the testimony tending to alter or contradict the contract sued upon should not have been admitted in evidence.

The reason underlying the rule is given by the court in San Antonio Mach. & Supply Co. v. Allen, Tex.Com.App., 1926, 284 S.W. 542, 544, as follows: "If the judgments of the lower courts should stand in this case, it would only mean that a contract the parties reduced to writing has been grossly violated by the introduction of parol testimony. The advantage of upholding written contracts as written has long been recognized by all the courts. The agreements of the parties are reduced to writing in order to avoid the very thing which has been here attempted."

■ The parol evidence rule is not merely one of procedure, but is one of substantive law, and evidence admitted in violation of it is without probative force, even though not objected to. Texarkana & Ft. S. R. Co. v. Brass, Tex.Com.App., 1924, 260 S.W. 828; John E. Morrison Co. v. Riley, Tex. Civ.App.Fort Worth, 1917, 198 S.W. 1031; Southern Surety Co. v. Nalle & Co., Tex. Com.App., 1922, 242 S.W. 197; Henry v. Phillips, 1912, 105 Tex. 459, 151 S.W. 533; 17 Tex.Jur., p. 793, sec. 353.

■ Even when a contract is ambiguous, and by reason of such ambiguity parol evidence is admissible to explain and clarify the same, evidence so admitted in explanation and clarification may not be such as can ever be considered competent to contradict the legal effect of the unambiguous provisions of the instrument. And if a contract on its face is capable of being given a definite legal meaning, parol evidence is not competent to render it ambiguous. Remington Rand, Inc., v. Sugarland Industries, 1941, 137 Tex. 409, 153 S.W.2d 477; Lewis v. East Texas Finance Co., 1941, 136 Tex. 149, 146 S.W.2d 977.

■ The contract in question in the instant case is one which is unambiguous on its face. The consideration that the appellees agreed to pay for materials furnished them under its provisions was stated. It had a standard of measure. That standard of measure was the regular retail price of the appellant. The jury verdict affirmatively found that the appellant's regular retail price was the consideration charged the appellees for the materials in question. The findings of the jury as to the representations made by the appellant to appellees as to what the language "at his regular retail price" in the contract meant, and the jury's further findings that the appellees relied upon such representations in executing the contract must be disregarded in view of the fact that the issues resulting in the findings need not have been submitted to the jury under the pleadings of the case. Though not objected to upon the ground that they were not pleaded, hence not subject to attack for that reason, they were objected to as having no support by any proper evidence. We have already said that the evidence upon which they were of necessity predicated was inadmissible. The objections were therefore good objections, without need on our part to consider the situation had no proper objection been made. Though they were submitted and answered by the jury, we are of necessity under the law compelled to disregard the answers so made. The doing of this leaves the verdict one which finds nothing for the appellees which entitled them to relief of any kind against the appellant. Taking nothing under the verdict in view of their pleadings, or in view of any proper evidence, appellees likewise take nothing under the judgment.

In view of the fact that the verdict affirmatively finds that the charges made by appellant of the appellees were at "his regular retail price", and in view of the fact that the judgment establishes appellant's right to recover of and from appellees a debt of $4,514.59 but for the credit against same the trial court erroneously applied in the amount of $2,571.55 because of the jury's answers to the special issues which should have been disregarded, the cause is one we are required to reverse and render.

The judgment of the trial court is reversed. Judgment is here rendered in behalf of the appellant J. F. Patton and against Ira Crews and J. M. Crews, jointly and severally, in the amount of their debt of $4,514.59, plus interest at 6% per annum from date of March 6, 1953, the date of the judgment of the trial court.