John Henry HOWARD, Appellant,

v.

FRED JONES OF TEXAS, Inc., et al.,
Appellee.

No. 6629.

Court of Civil Appeals of Texas.
Amarillo.

Oct. 15, 1956.

Rehearing Denied Nov. 13, 1956.

John Hazelwood, Amarillo, for appellant.

Adkins, Folley, McConnell & Hankins, Amarillo, for appellees.

MARTIN, Justice.

Pacific Finance Corporation was a party to the suit but no complaint is made here as to the judgment in favor of such corporation. Appellant, John Henry Howard, brought suit against appellee, Fred Jones of Texas, Inc., for an alleged breach of contract. Appellant alleged that he contracted to buy a 1950 two-door Mercury car from appellee by trading in an old car and paying the reasonable market value for such two-door car. He alleged that no two-door car was available at the time of the contract and that he was to use a certain four-door car until the two-door car was available. The undisputed evidence reveals that appellant executed the "usual trade papers drawn up on the four-door car" which papers appellant alleged would be rewritten for and on a two-door car later and that credit on payments would be transferred to the two-door car. It is likewise undisputed that appellant made

**546**

payments upon the written contract for a period of several months.

Appellant's petition also alleged fraud in the procuring of his signature on the written contract, note and lien as executed by him to secure delivery of the four-door car. The sole allegation of fraud as pleaded by appellant, and issue thereon as submitted to the jury, was that the appellee represented to appellant that the written conditional sales contract for the four-door car was to be used only for the purpose of determining whether appellant could finance the purchase of a two-door car when one became available. Upon this issue as to fraud, the jury found against the appellant. The trial court entered judgment for appellee on the jury verdict and "other uncontradicted evidence" in the case.

Appellant only sought recovery for breach of a contract as admitted in his brief before this court. But, appellant's pleadings reveal that he was seeking to rescind the written contract alleged to have been procured by fraud and to recover all payments made thereunder. Appellant's first point asserts that the jury verdict and undisputed evidence supports a judgment for him. Appellee by its first counterpoint points out that the verdict in the cause as returned by the jury will not support a judgment for appellant. The jury verdict will be examined as to such issue.

The jury found under Special Issue No. 1 that the trade as made by the appellant and appellee was that appellee "was to sell plaintiff a two-door car which was to be delivered to him when one was available and that plaintiff was to accept and use the four-door car until such two-door car became available." This finding of the jury is directly contra to appellant's own admission that he not only executed a written contract of purchase for a four-door automobile but that he made a number of payments on the conditional sales contract and note given therefor. Appellant's suit seeks recovery of these payments as made to the Pacific Finance Company under

this written contract. Appellant also alleged that appellee fraudulently represented that such contract was only executed for the purpose of determining whether appellant could finance the purchase of a two-door car. The jury eliminated appellant's contention that he was induced to execute the written contract by such fraudulent statement of appellee by its verdict on Issue No. 3 finding that the contract was not executed for the purpose as alleged by appellant.

The above jury verdict will not support a judgment for appellant. The jury's finding against appellant on his sole allegation of fraud disposed of this issue in the cause. In the absence of a plea of fraud, accident or mistake as to any other element inducing the execution of the written contract, the appellant was not entitled to set aside his written contract for the purchase of the four-door automobile by the introduction of parol evidence of prior or contemporaneous negotiations or agreements. The trial court properly entered judgment against appellant and for appellee on the jury verdict. 17 T.J. 794, Sec. 354; Patton v. Crews, Tex.Civ.App., 264 S.W.2d 467; Pacific Finance Corp. v. Crouch, Tex.Civ.App., 243 S.W.2d 432.

In conjunction with the above point of error, the appellee further asserts that appellant has failed to plead, prove or secure a jury finding on any proper measure of damages. Appellant sued for breach of contract. He did not prove the amount of damages which would compensate him for any loss he may have sustained by the breach of the contract.

"In case of a breach of contract the measure of damages is the amount which will compensate the injured person for the loss which a fulfillment of the contract would have prevented or the breach of it has entailed. * * Damages for breach of contract cannot as a general rule be measured by the consideration for the contract but are to be determined by the value of the

thing contracted for." 25 C.J.S., Damages, § 74, pp. 563, 567.

In his pleadings and prayer the appellant sued for recovery of the consideration paid. If appellant had established that he was induced to enter the written contract by fraud, he had the legal remedy of rescinding the contract and of recovering the consideration paid thereunder. But, appellant's action is for damages for breach of contract rather than for rescission by reason of fraud practiced upon him in inducing the execution of the contract. Nor could appellant rescind and recover back the consideration paid under the contract when the jury found against him on the sole issue of fraud. Appellant's Point of Error No. One alleging that the judgment as entered by the court is contrary to the jury verdict and the undisputed evidence is overruled.

Appellant's Point of Error No. 2 asserts there is an irreconcilable conflict in the jury verdict. Appellant pleaded that he had entered into a parol contract for the purchase of a two-door automobile and that in consummating this parol contract he executed a written conditional sales contract under which he was to have the use of a four-door automobile until the two-door automobile was received. Appellant also pleaded that his execution of the written conditional sales contract was induced by the company's fraudulent representation that such written contract was only entered into for the purpose of determining whether appellant could finance the purchase of a two-door car when one became available. Appellant himself admitted that he made payments on this written contract for several months. He pleaded such payments were to be transferred to a contract to be made on a two-door car when delivered. The jury finding that the conditional sales contract was not entered into for the purpose of determining whether appellant could finance the purchase of the two-door car is thus supported by appellant's own testimony. Such finding is not in conflict with the jury's finding that appellant and appellee entered into a contract that appellee was to sell appellant a two-door car which was to be delivered to appellant when one was available and that appellant was to accept and use the four-door car until such two-door car became available. The jury found that under the written sales contract of the parties appellant "was to accept and use the four-door car until such two-door car became available." Under such finding, the jury of necessity found that appellant's execution of the written conditional sales contract was for the purpose of consummating the contract as to delivery of the four-door car to appellant for his use. Therefore, as found by the jury, appellant's written contract was not "to be used solely for the purpose of determining whether he could finance a two-door car when one became available" as alleged by appellant. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.