**Joe B. ROAN et al., Appellants,**

**v.**

**K. S. REYNOLDS, Appellee.**

**No. 7217.**

Court of Civil Appeals of Texas.

Amarillo.

Jan. 28, 1963.

Rehearing Denied Feb. 25, 1963.

Ray & Knudtson, McCarthy, Carnahan, Fields & Haynes, Amarillo, for appellants.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellee.

NORTHCUTT, Justice.

Plaintiff, K. S. Reynolds, brought this suit in the 108th Judicial District Court of Potter County, Texas, against Joe B. Roan, his wife, Jean Roan, and Henry Roan to recover against Joe Roan and Jean Roan on a promissory note and mechanic's lien contract for improvements contracted on the property of Joe Roan and his wife, and against Henry Roan on his guaranty contract. Henry Roan is the father of Joe Roan and executed an instrument by which he guaranteed payment of the promissory note in question. The defendants answered with pleas of failure of consideration and illegality of contract in the alternative. Before this suit was filed, Joe Roan and his wife, Jean Roan were divorced and the house in question was awarded to Jean Roan. Trial was before a jury and after both parties had rested and closed the trial court instructed the jury to return a verdict for plaintiff for the amount of the note sued upon and for foreclosure of the mechanic's lien contract and also against Henry Roan upon his guaranty contract. All parties defendant have perfected their appeal from the judgment of the trial court on the instructed verdict of the jury.

The plaintiff will hereafter be referred to as appellee and the defendants as appellants. The appellants contend by their assignments of error that the trial court erred in rendering judgment for the plaintiff; in failing to grant appellants' Motion for Instructed Verdict at the close of appellee's testimony; in failing to grant appellants' Motion for Judgment N.O.V.; in instructing the jury to return a verdict for the appellee; in holding parol evidence inadmissible to show that the real intention of the parties to the mechanic's lien contract in question was that a barber shop would be constructed on the Roan property rather than servant's quarters; and in excluding the testimony of appellant, Henry Roan, to the affect that the oral plans and specifications agreed upon between him and appellee called for the construction of a barber shop on the Roan property rather than a servant's quarters.

The main contention of appellants is that the building which was constructed could not be used as a barber shop because such use was not permitted under the Amarillo Zoning Ordinance No. 1874. It is admitted that a barber shop could be constructed upon the property in question if constructed according to the ordinance. It is further admitted that servant's quarters could be constructed upon the property. For the building to be used as a barber shop under the terms of the ordinance, it had to be in some manner attached to the residence. Attachment could be a breezeway. It is undisputed that Joe Roan removed some trees and told appellee to build the building where the trees were removed and appellee built the building where Roan instructed him to build it. Joe Roan did not testify in the case. Henry Roan testified he knew where the building was being constructed and made no objection to its location. If all the oral testimony should be considered to the effect that appellee originally agreed to construct the barber shop it would not be a void agreement because under the ordinance a barber shop could have been constructed and all of the parties knew the kind of building that was being constructed at the time it was being built until it was completed.

This is not a case where appellee could not construct a barber shop without violating the city ordinance so as to be void. Even under the contention and oral testimony of appellants, a contract to construct a barber shop could have been performed in a legal manner and would not be void because it might have been constructed in an illegal manner. Lewis v. Davis, 145 Tex. 468, 199 S.W.2d 146; Labbe v. Corbett, 69 Tex. 503, 6 S.W. 808.

Here we have a mechanic's lien note and mechanic's and materialman's lien contract signed by Joe B. Roan and wife, Jean Roan, and duly acknowledged giving a lien upon the property here in question. Henry Roan, under the terms of a written instrument duly signed by him and acknowledged, guaranteed the payment of the mechanic's lien note. The mechanic's lien and also the instrument executed by Henry Roan described the building to be constructed as being a 15' x 20' servant's quarters upon the property here involved (describing the property). Under this record there is no question but that the building 15' x 20' was built upon the property in question. The appellants did not attempt to show in what manner the appellee failed to construct the building as covered by the mechanic's lien contract, but seemed to rely solely upon the fact that the building was not attached to the residence so that it might be used as a barber shop. Joe Roan instructed appellee where to construct the building and the contract does not require appellee to attach the building to the residence. It is not contended there is any ambiguity involved in either of the instruments. The instruments here involved comply with the provision of Section 50 of Article 16 of the Texas Constitution, Vernon's Ann.St. establishing a lien on the homestead of Joe and Jean Roan.

It is stated in Patton v. Crews, Tex.Civ.App., 264 S.W.2d 467 (NRE) as follows:

"The legal theory of written contracts includes the presumption that the writing itself merges into the instrument all the oral agreements then existing between the parties, the writing thus becoming itself an instrument embodying the parties' whole and entire agreement. Lewis v. East Texas Finance Co., 1941, 136 Tex. 149, 146 S.W.2d 977. In the absence of fraud, accident, or mistake, parol evidence is inadmissible to vary, add to, or contradict the terms of a valid written instrument. This is a proposition of such universal acceptation that it is unnecessary to cite authorities to sustain it. Likewise, in order to vary, add to, or contradict such an instrument by oral testimony, fraud, accident or mistake must be alleged as foundation of the right to introduce such parol evidence. No such allegations were made in the pleadings of this case, hence the testimony tending to alter or contradict the contract sued upon should not have been admitted in evidence.

"The reason underlying the rule is given by the court in San Antonio Mach. & Supply Co. v. Allen, Tex. Com.App., 1926, 284 S.W. 542, 544, as follows: 'If the judgments of the lower courts should stand in this case, it would only mean that a contract the parties reduced to writing has been grossly violated by the introduction of parol testimony. The advantage of upholding written contracts as written has long been recognized by all the courts. The agreements of the parties are reduced to writing in order to avoid the very thing which has been here attempted.' The parol evidence rule is not merely one of procedure, but is one of substantive law, and evidence admitted in violation of it is without probative force, even though not objected to. Texarkana & Ft. S. R. Co. v. Brass, Tex.Com.App., 1924, 260 S.W. 828; John E. Morrison Co. v. Riley, Tex.Civ.App. Fort Worth, 1917, 198 S.W. 1031; Southern Surety Co. v. Nalle & Co., Tex.Com.App., 1922, 242 S.W. 197; Henry v. Phillips,

1912, 105 Tex. 459, 151 S.W. 533; 17 Tex.Jur., p. 793, sec. 353."

We do not believe there is any pleading here to justify parol evidence based upon fraud, accident, or mistake. The contracts here involved were capable of being given a definite legal meaning and parol evidence is not competent to render it ambiguous. Barr v. Southwest Wholesale Furniture & Appliance Co., Tex.Civ.App., 331 S.W.2d 343; National Surety Corp. v. Curators of University of Mo., 8 Cir., 268 F.2d 525 and cases there cited.

If there is any fraud pleaded or proven herein, the undisputed record here shows that the appellants were equally cognizant of all the facts that were known to the appellee. There cannot be actionable fraud where each of the parties are equally cognizant of the facts. Seideman v. Callahan, Tex.Civ.App., 34 S.W.2d 406 (writ dismissed). Finding no reversible error, the judgment of the trial court is affirmed.