# MARCH, 1941

STANLEY LEWIS ET AL V. EAST TEXAS FINANCE COMPANY ET AL.

No. 7565. Decided January 22, 1941.
Rehearing Overruled March 5, 1941.
(146 S. W., 2d Series, 977.)

*F. P. Colson,* of Oklahoma City, Okla., *Long & Strong,* of Carthage, Texas, *Nat Gentry,* of Tyler, *Davis, Avery & Wallace,* of Center, and *Greenwood, Moody & Robertson,* of Austin for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that the conclusion of the trial court that the phrase "not including the road" in the oil and gas lease involved was ambiguous, was correct. Gulf Production Co. v. Spear, 125 Texas 530, 84 S. W. (2d) 452; Roxana Pet. Co. v. Corn, 28 Fed. (2d) 168; Burton v. Dyck Oil Co., 114 S. W. (2d) 299.

*Pollard & Lawrence, William S. Reeves, Butler & Price* and *Weeks, Hankerson & Potter,* all of Tyler, and *Russell Surles,* of Dallas, for defendants in error.

On the question of what was meant by the phrase "not including the road." 14 Texas Jur., 958; Houston Oil Co. v. Williams, 57 S. W. (2d) 380; Joy v. City of St. Louis, 138 U. S. 1, 11 Sup. Ct. 243, 34 L. Ed. 857; Sun Oil Co. v. Burns, 84 S. W. (2d) 422.

MR. JUSTICE CRITZ delivered the opinion of the Court.

As tried in the District Court of Smith County, Texas, this is an action in trespass to try title and for damages. The suit was filed by Stanley Lewis and several others against the East Texas Finance Company and several others. It primarily involves the 7/8 mineral estate in and under a strip of land about 700 feet long and 30 feet wide. This strip of land was formerly a part of what was once known as the Troup and Henderson Road in Smith County. Trial in the district court resulted in a judgment for the defendants. This judgment was affirmed by the Court of Civil Appeals. 123 S. W. (2d) 803. We refer to the opinion of that court for a full statement of the facts and issues of this case. We will, however, make such statement in this opinion as will render it complete within itself. A proper decision of this case depends upon whether or not a certain oil and gas lease, dated February 25, 1931, from T. D. Wright to P. M.

Deason, Trustee, is so uncertain or ambiguous as to require parol evidence to enable a court to give it a definite legal interpretation. We quote the following part of such lease as germane to this opinion:

"AGREEMENT, Made and entered into the 25th day of February, 1931, by and between T. W. Wright, a single man, of Tyler, Smith County, Texas hereinafter called lessor (whether one or more) and P. M. Deason, Trustee, hereinafter called lessee:

"WITNESSETH: That the said lessor, for and in consideration of Ten Dollars cash in hand paid, the receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part or lessee to be paid kept and performed, has granted, demised, leased and let, and by these presents does

"Grant, lease and let unto the said lessee for the sole and only purpose of exploring, drilling, mining, and operating for oil and gas and of laying pipe lines and of building tanks, power stations and structures thereon to produce, save and take care of said products, all that certain tract of land situated in the County of Smith, State of Texas described as follows, to-wit:

"A part of the Juan Vargas League, Abstract No. 22, about 20 miles southeastwards, from the City of Tyler, Being 7.86 acres, designated as tract No. 9 on the plat of the subdivision of the 86 acre tract conveyed to T. O. Wright on the 14th day of October, A. D. 1926, by C. A. Hughes, et al, said deeds and recorded in Smith County Deed Records, Vol. 183, pp. 579, the Plat of said subdivision recorded, Vol. ____ page ____; BEGINNING at a stake, the N E corner of tract No. 8, and the Northwest corner of this tract; THENCE S 1 deg W 640 feet to a stake; THENCE W 3 deg 45' N 561 ft to a stake, the S W corner of Tract No. 8; THENCE N 1 deg E 615 ft to the place of beginning, containing 7.86 acres, not including the road. (This league laid out to the magnetic North.)

"For the purpose of determining the amount of any money payment hereunder, said land shall be considered to comprise 7.86 acres, even though it actually comprises more or less, but it is lessor's intention to lease, and he does lease hereby, in addition to the land above described, all of the land an interests in land owned by lessor in said sections, grants, leagues and/or surveys as shown by the records of said County and all other land and interests in land owned by lessor in said sections, grants, leagues and/or surveys and/or adjoining sections, grants, leagues and/or surveys and lessor expressly agrees to deliver to lessee any supplemental instrument deemed necessary

or requested by lessee for more complete or accurate description of the land and interests thus intended to be leased."

The above lease contract contains many other provisions not necessary to mention here. It will be noted, however, that it contains a covenant of general warranty of "title to the land herein described." As shown by the record, and by the opinion of the Court of Civil Appeals, a correct decision of this case must depend on the effect of the words, "not including the road" contained in the above lease contract immediately following the words, "containing 7.86 acres of land."

If we understand their briefs and arguments, counsel for defendants contend that the words, "not including the road," when construed in the lights of the entire instrument, have effect to exclude or except the land then occupied by the road from the conveyance both as to the fee and the easement. We further understand that counsel for defendants contend that if the above is not correct, that the words, "not including the road," as and where used in the above instrument, create an ambiguity or uncertainty as to what is meant and therefore parol evidence was admissible to show the intention of the contracting parties. The trial court held the instrument ambiguous on its face, and permitted defendants to introduce parol evidence tending to show that the parties to the contract intended to except or exclude the land in the road from the lease contract, both as to the easement and the fee. The Court of Civil Appeals sustained the ruling of the trial court.

Counsel for plaintiffs, who hold under the lease contract, contended in the trial court and in the Court of Civil Appeals, and here contend, that, as used in the above lease, the words, "not including the road," have a definite meaning in law, and therefore cannot render the lease ambiguous. It is then contended by counsel for the plaintiffs that the words under discussion only have legal effect to say that the land in the road is not counted in stating the number of acres leased and to say further that the lease, as to the land in the road, is subject to the easement held by the State or the county on such land for road or highway purposes. The application for writ of error properly raises the contentions of plaintiffs by proper assignments.

A reading of this lease contract will disclose that it attempts to describe the land leased in two ways, by metes and bounds, and by reference to a certain plat of record in the county. It is, in effect, recited that the land leased is "Tract No. 9," as shown

by the plat just mentioned. We here deem it adviseable to reproduce the plat mentioned in the deed. It follows:

The land lying between the dotted lines running diagonally across "Tract No. 9" on the above plat is land involved in this suit. Defendants contend that it was excepted from the lease. It seems that at the time this lease was made the road was in use. It has since been abandoned. The county did not own the fee, but only an easement for road purposes.

A reading of the description by metes and bounds contained in the above lease will disclose that the first call is omitted. We think, however, that the description, taken as a whole, including the reference to the plat, is fully sufficient to describe Tract No. 9 shown on the plat. The reference made to the plat in the lease

contract constituted the plat a part of the contract. Catlett v. Starr, 70 Texas 485, 7 S. W. 844. At any rate, we do not understand that the defendants question the description 'contained in the lease contract, except as above indicated.

■ Before proceeding further we deem it advisable to announce certain rules of law, and cite and discuss certain authorities.

(a) When parties have reduced their contract to writing, and the terms and conditions of the written instrument are expressed without uncertainty as to the subject matter and nature of the contract, the writing is presumed to contain the whole of the agreement, and contemporaneous parol evidence is not admissible to contradict or vary the terms of the written instrument. Self v. King, 28 Texas 552.

(b) If a written contract is so worded that it can be given a certain or definite legal meaning or interpretation, it is not ambiguous. It follows that parol evidence is not admissible to render a contract ambiguous, which, on its face, is capable of being given a definite certain legal meaning. This rule obtains even to the extent of prohibiting proof of circumstances surrounding the transaction when the instrument involved, by its terms, plainly and clearly discloses the intention of the parties, or is so worded that it is not fairly susceptible of more than one legal meaning or construction. Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Texas 574, 136 S. W. (2d) 800, 127 A. L. R. 1217.

■ (c) An instrument of conveyance which conveys land definitely described in such instrument, and then excepts from such conveyance a road, railroad right of way, canal right of way, etc., as such, occupying a mere easement on, over, or across the land conveyed, conveys the fee to the entire tract, and the exception only operates to render the conveyance or grant subject to the easement. Bolton v. Dyck Oil Co. (Texas Civ. App., writ dismissed W. O. J.), 114 S. W. (2d) 299; Penn v. Holland (Texas Civ. App., writ refused, 105 S. W. (2d) 351; Shell Petroleum Corp. v. Ward, 100 Feb. (2d) 778; Kansas City Southern Ry. Co. v. Marietta Oil Corp., 102 Fed. (2d) 603; Cox v. Campbell, 135 Texas 428, 143 S. W. (2d) 361; Rio Bravo Oil Co. v. Weed, 121 Texas 427, 50 S. W. (2d) 1080, 85 A. L. R. 391; Devlin on Deeds (3d Ed.), p. 1851, Sec. 989; 18 C. J., p. 338; Thompson on Real Property, Sec. 3205.

In Bolton v. Dyck Oil Company, supra, the Beaumont Court of Civil Appeals had before it a case wherein one Barber conveyed to one Eaton, by metes and bounds, a tract of land in

Rusk County, Texas. The last call in this deed read: "Thence eastward with said R. R. 709 varas to the place of beginning, containing 87 acres after deducting the right of way of said H. & O. R. R." Barber had theretofore conveyed to the H. & O. R. R. Company a right of way, a mere easement, across this tract of land. It was held that such deed, as a matter of law, conveyed the right of way subject to the easement held by the railroad company. This Court dismissed W. O. J. the application for writ of error, but it could not have done so unless it agreed with the holding above indicated.

In Penn v. Holland, supra, the Galveston Court of Civil Appeals had before it a case wherein a Miss Decker conveyed to the Galveston, Houston Electric Railway Company a right of way across certain land owned by grantor. At a later date Miss Decker sold to R. E. Brooks the land across which she had already conveyed the easement or right of way. The description of the land sold to Brooks included the land in the right of way. At the conclusion of the description in the Brooks deed it was recited: "Containing thirty-seven and two-tenths (37.2) acres of land and being the same land conveyed to me by Ellen J. Heggy by deed dated December 7th, 1908, and recorded in Volume 229, page 218-219, of the Deed Records of Harris County, Texas, save and except three (3) acres of land out of said tract, the same having been conveyed by me to the Houston Galveston Electric Railway Company." It was held that the fee to the land included in the railway right of way was, as a matter of law, conveyed to Brooks, subject only to the railroad easement. The Supreme Court refused writ of error in the case under discussion, and thereby approved the opinion.

In Shell Petroleum Corporation v. Ward, supra, the United States Circuit Court of Appeals for the Fifth Circuit had before it a suit for the title and possession of five and six-tenths acres of land occupied by a right of way for an irrigation canal. The right of way deed conveyed to the Canal Company "the right of way for an irrigation canal," etc. Later the land across which the right of way had been granted was conveyed by metes and bounds, which included within them the five and six-tenths acre canal right of way. At the end of the field notes description was the provision: "containing 162.00 acres of land, save and except therefrom 5.6 acres taken up by the right of way of the Neches Canal Company lateral, making 156.4 acres herein and hereby conveyed." Under the above record the court, speaking through Judge Hutcheson, held that, as a matter of law, the fee to the land included in the right of way

was conveyed by the latter deed. In the opinion it was further held that grants are liberally, exceptions strictly construed against the grantor. It was also further held that such rule would be given vigorous operation where, as in the case at bar, "a construction is contended for which would produce the unreasonable result of splitting into two pieces a tract of land, which existed as one tract, subject only to an easement, and which, in reason, must be considered to have been conveyed as such, and not to have been split into separate parts, with a thin wedge of land between."

In Kansas City Southern Ry. Co. v. Marietta Oil Corp. et al, supra, the United States Circuit Court of Appeals for the Fifth Circuit had before it a case wherein the facts, as shown by the opinion, were as follows:

"On April 8, 1899 Lynn, and Big Pine, Lumber Companies under whom both plaintiff and defendant claim, executed a deed in fee to one W. B. Parker covering property described as follows: 'The S. W. 1/4 of the N. W. 1/4 of Section 23, Township 23, Range 16 West, less a right of way 100 feet in width reserved for the Kansas City, Pittsburgh & Gulf Railroad Company through said land, in all 36, 32/33 acres'."

The court, speaking through Judge Hutcheson, held that the provision "less a right of way 100 feet in width reserved for the Kansas City, Pittsburgh & Gulf Railroad Company through said land, in all 36, 32/33 acres," did not operate to except the fee to the land in the right of way from the conveyance, but merely the easement. In this case Shell Petroleum Corp. v. Ward, supra, is again cited and reaffirmed.

In Cox v. Campbell, supra, it was held that where a deed conveys, by specific field notes, land abutting on a railroad right of way, the deed conveys title to property to center of the right of way, even though field notes describing the land stop at the side line of right of way, unless a contrary intention is expressed in unequivocal terms. The opinion in Cox v. Campbell cites and reaffirms the holding in Rio Bravo Oil Co. et al v. J. F. Weed et al, supra, which is to the same effect.

In Devlin on Deeds, supra, the rule is thus stated: "A deed which reserves a road of a certain width to be shut at each end by a bar or gate, reserves only a right of way and not the fee on the land reserved for a road."

In Thompson on Real Property, supra, the rule is announced as follows: "In accordance with the general rule, an exception

of a highway is not an exception of the fee, unless such clearly appears to have been the intention, but only of the easement of the public to the use of such highway. In like manner the grant of a way or of the privilege of a highway carries an easement only. A reservation by the grantor of a road through the land conveyed, in order to enable him to reach a highway from other land owned by him, will be presumed, in the absence of a clear indication in the deed to the contrary, to be a reservation merely of the use of the road, and not the fee therein."

In 18 Corpus Juris, supra, the rule is thus announced: "A grant of land by metes and bounds with full covenants of warranty, excepting or reserving a roadway for the use of the public, or a right of way for a railroad, passes the fee to the land subject to the easements reserved."

A reading of the above lease will show that in the granting clause it grants, leases and lets to the lessee, "all that certain tract of land, * * * described as follows, to wit:" Then follows a description of the land leased, which clearly, definitely and certainly describes all of the land in "Tract No. 9" shown on the above plat, which includes the land in the road. Then follow the words, "containing 7.86 acres, not including the road." It will be noted that the only words in the lease contract that can possibly except anything from the grant are the words, "not including the road." Under the rules of law above announced, and under the above authorities, the words "not including the road," can have no other effect on this lease than to say that the grant is burdened with the road easement, and that the area in such road easement is not taken into consideration in computing or stating the number of acres.

As already stated, this is an action to recover the land involved as well as for damages. It appears that the defendants have removed large quantities of oil from this land and appropriated it to their own use. The amount of damages to be awarded to plaintiffs is still undetermined.

The judgments of the Court of Civil Appeals and district court are both reversed, and set aside, and judgment is here entered as follows:

(a) Judgment is here rendered that plaintiffs recover from the defendants the title and possession of the land sued for.

(b) The cause is remanded to the district court for trial on the issue of damages.

Opinion delivered January 22, 1941.

Rehearing overruled March 5, 1941.