Vernon H. OBELGONER, Appellant,

v.

Russell OBELGONER et al., Appellees.

No. 953.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1975.

Rehearing Denied Sept. 18, 1975.

Vernon H. Obelgoner, pro se.

Charles R. Porter, Jr., Porter, Taylor, Gonzalez, Thompson & Rogers, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This summary judgment action arose from a suit brought by Vernon H. Obelgoner against Russell Obelgoner, Elizabeth Obelgoner and Carl Oil & Gas, Inc. There the plaintiff sought to remove cloud from title to an oil, gas and mineral lease.

Motions for summary judgment were filed by the plaintiff and the defendants. After a hearing, the trial court denied the plaintiff's motion and granted defendants' motion. The plaintiff appeals.

On June 7, 1956, William F. Obelgoner and wife Hulda Obelgoner executed an oil and gas lease covering two tracts of land totaling 184.25 acres of land in favor of appellant for a primary term of ten years. Subsequently, one of the tracts (116 acres) covered by the lease was conveyed by gift to Russell Obelgoner, subject to the existing oil and gas lease in favor of appellant.

On November 22, 1963, prior to the expiration of the primary term of the 1956 lease, Hulda Obelgoner, a feme sole, Russell Obelgoner and wife, Elizabeth Obelgoner, leased the same 184.25 acres of land to appellant for a primary term of ten years. The primary term was to run from the "effective date" of the lease. It is admitted that appellant has not obtained production under either the June 7, 1956 lease or the November 22, 1963 lease.

By lease dated September 4, 1973, Russell Obelgoner and wife, Elizabeth Obelgoner executed an oil and gas lease in favor of Royce Schulte. This lease covers the same tracts leased to appellant in 1956 and 1963 and provides that it has a primary term of five years to begin on November 23, 1973. This lease was subsequently assigned to appellee Carl Oil & Gas, Inc.

Appellant contends that the 1963 lease was a top lease and was not to become effective until June 7, 1966. In other words, the lease should not terminate before November 22, 1976. He asserts that this intent of the parties is clearly expressed by the lease wherein it states:

"2. Subject to the other provisions herein contained, this lease shall be for a term of ten years from the effective date (called 'primary term'). . . ."

To the contrary, appellees contend that the 1963 lease expired November 22, 1973. They argue that the lease clearly expresses the intention of the parties that the lease be effective as of November 22, 1963.

Appellant's first point of error complains of the trial court's granting appellees' motion for summary judgment. His second point complains of the trial court's denial of appellant's motion for summary judgment. The following discussion is dispositive of both points.

The burden of proving that there is no genuine issue of any material fact is upon the movant. All doubts as to the existence of a genuine issue regarding a material fact must be resolved against the moving party. *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company*, 391 S.W.2d 41 (Tex.Sup.1965); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952). About the particular case before us, we note that the issue of whether or not the lease in question is ambiguous is a question of law. *Ferguson v. von Seggern*, 434 S.W.2d 380 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.); *Davis v. Andrews*, 361 S.W.2d 419 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.). Once it is determined that a contract is unambiguous, the meaning of such contract is to be determined as a matter of law from the language used therein. *Tower Contracting Company v. Flores*, 157 Tex. 297, 302 S.W.2d 396 (1957); *Lewis v. East Texas Finance Co.*, 136 Tex. 149, 146 S.W.2d 977 (1941).

The meaning of the term "effective date" is not in issue. Clearly, "effective

date" refers to the date when the lease becomes operative. The controlling issue is what date the 1963 lease specifies to be the "effective date". The lease states that it was ". . . made this 22 day of November, A.D. 1963 . . ."

Paragraph 1 of the lease states, in part: "Lessor in consideration of Ten and no/100 Dollars ($10.00), in hand paid, of the royalties herein provided, and of the agreement of Lessee contained, *hereby grants, leases and lets* exclusively unto Lessee. . . ." (Emphasis supplied.)

This phrase indicates a *present* grant. It does not, in any way, indicate a future grant. The lease does not contain any reference to any prior lease or any collateral agreements between the parties. In and of itself, the term "effective date" does not conflict with the term "this date" which is used in paragraph 5 of the lease. Upon reading the instrument in its entirety, we find that it clearly expresses the intent of the parties that the lease become operative on November 22, 1963.

■ Appellant would have this Court consider the terms of an "oral agreement" which he entered into with appellee Russell Obelgoner prior to November 22, 1963. We cannot consider this "agreement" because it was not entered into by all of the parties to the lease. The intention of the parties is to be gathered from the language used in the instrument and not from the secret intentions of *some* of the parties to the instrument. *Magnolia Petroleum Co. v. Storm*, 239 S.W.2d 437 (Tex.Civ.App.—El Paso 1950, writ ref'd n. r. e.); *Easterwood v. Liberty Mutual Ins. Co.*, 93 S.W.2d 1173 (Tex.Civ.App.—Waco 1936, writ ref'd).

■ In the affidavit in support of his motion for summary judgment, appellant states:

". . . all parties knew and understood that said top or second lease described above was inoperative and ineffective on 22 November, A.D. 1963 and would remain inoperative and ineffective until June 7, 1966, . . . ."

In answer to this contention, we would point out that the question before us is not what the parties meant to say but what they did say by the use of the words contained in the agreement. *Dedier v. Grossman*, 454 S.W.2d 231 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.); *Cutrer v. Cutrer*, 334 S.W.2d 599 (Tex.Civ.App.—San Antonio 1960, aff'd, 162 Tex. 166, 345 S.W.2d 513).

■ Appellant's affidavit in opposition to appellees' motion for summary judgment further states:

". . . Prior to June 7, 1966, and about May 1, 1966, I talked to Hulda Obelgoner and asked her if she and Russell and Elizabeth understood that they had nothing coming that year as the bonus had been paid in advance and her exact words were 'We understand'."

This evidence cannot be considered as evidence of the surrounding circumstances at the time the lease was executed by the parties. The affidavit clearly shows that these conversations took place *after* the lease was executed.

■ Furthermore, the quoted excerpt from appellant's affidavit is evidence of an utterance of the subjective intent or will of Hulda Obelgoner. Such evidence is clearly inadmissible. *Cutrer v. Cutrer*, 162 Tex. 166, 345 S.W.2d 513 (1961).

For the reasons previously stated, the trial court correctly ruled that appellees had proven that no genuine issue regarding any material fact existed. Because the appellees are entitled to judgment as a matter of law, all of appellant's points of error are overruled.

The judgment of the trial court is affirmed.