**GRAYSON COUNTY STATE BANK, Appellant,**

v.

**Roy C. OSBORNE, d/b/a Osborne Air Conditioning Company, Appellee.**

No. 18702.

Court of Civil Appeals of Texas, Dallas.

Nov. 13, 1975.

Rehearing Denied Dec. 11, 1975.

Paul Brown, Brown & Hill, Sherman, for appellant.

C. H. Gillespie, III, Gillespie & Gillespie, Sherman, for appellee.

AKIN, Justice.

Roy C. Osborne, d/b/a Osborne Air Conditioning Company, sued the Grayson County State Bank to recover the recited consideration for the transfer and assignment by plaintiff to the bank of a promissory note in the original amount of $61,910 secured by a mechanic's and materialman's lien contract. The question is whether the bank is liable for the stated consideration for the assignment of the note and lien to the extent of material furnished and work performed. A $221,160 interim construction note to the bank was simultaneously executed by the owner and secured by a deed of trust on the property. This note and deed of trust recited that they were given solely in renewal and extension of this mechanic's and materialman's lien note and three other similar notes, the total sum of which was $221,160. The owner defaulted in his payments, and, as a result, the work was stopped. The bank then foreclosed the deed of trust on the property. Prior to foreclosure plaintiff had been paid $41,334.86 by the owner of the total $61,910 but alleged that he had not been paid $10,125.14 for materials furnished and labor performed. Plaintiff argued that the bank agreed to pay this amount as part of his consideration for assigning his note and mechanic's lien to the bank. The bank contended that: (1) It was not contractually obligated to pay plaintiff because neither the bank nor plaintiff intended that the bank was to pay; and (2) plaintiff failed to perform conditions precedent to the payment provided in the assignment in that the work of plaintiff was not completed, had not been accepted by the owner, and all bills of plaintiff had not been paid.

In answer to special issues, the jury found that $5,614.12 would compensate plaintiff for its partial compliance with the construction contract. The jury also found that at the time of the assignment, plaintiff intended that the owner was to pay him and that the bank did not intend to pay plaintiff. Acting partially on the jury verdict and disregarding the findings on intent, the trial court rendered judgment for plaintiff against the defendant bank for $5,614.12. Defendant bank appeals. We affirm.

The parties concede that the purpose of the assignment, as well as all other documents simultaneously executed, was to give the bank a first and superior lien on the property to secure the interim construction loan. The assignment recites:

That OSBORNE AIR CONDITIONING COMPANY *for and in consideration of the sum of SIXTY–ONE THOUSAND NINE HUNDRED TEN AND NO/100 DOLLARS to be paid as hereinafter stated by Grayson County State Bank* . . have sold, assigned and conveyed, and do by these presents, sell, assign and convey to the Grayson County State Bank the one certain promissory note, described in the foregoing and attached Mechanic's and Materialman's Lien Contract, together with the lien securing the same upon the premises described in the foregoing and attached Mechanic's and Material-

man's Lien Contract, together with all improvements to be erected thereon, hereby transferring to the said purchaser all liens securing the said indebtedness, and all rights of the undersigned in and to the said premises, and *all rights under the foregoing and attached contract, and hereby subrogating the said purchaser to all rights of the undersigned, under the said contract.* [Emphasis added.]

Contemporaneously with this assignment, the bank took from the owner a note and deed of trust. The note recites:

This note is given in renewal and extension, but not in extinguishment, of four (4) certain promissory notes, all of even date herewith, made by Maker [owner] hereto, the first of which is payable to Lloyd Plyler Construction Company, the second of which is payable to Osborne Air Conditioning Company, the third of which is payable to George's Glass Shop, Inc., and the fourth of which is payable to Hunter-Hayes Elevator Co., the total of said notes hereby renewed and extended being the amount of this Note and all of the four said notes hereby renewed and extended being further described in Mechanic's Lien Contracts between Maker and said payees, all of which are of record in the Mechanic's Lien Records of Grayson County, Texas.

The mechanic's lien note assigned states:

This note is further secured by Deed of Trust of even date herewith, made and executed by the Maker hereof to Jerry L. Talley, Trustee, for the benefit of GRAYSON COUNTY STATE BANK to whom the above-mentioned Mechanic's and Materialman's Lien Contract was this day duly assigned by the said Payee [plaintiff] *in consideration for the advancement of funds made, and to be made, to payee by said Assignee.* Said Mechanic's and Materialman's Lien Contract and said Deed of Trust are hereby made a part hereof for all purposes by reference and adoption as though copied herein in full. [Emphasis added.]

This language is capable of but one construction: Any rights flowing to the bank arise solely from this assignment of plaintiff's right to payment (in addition to the right to payment of three other contractors) under its note and construction contract. We conclude, therefore, that the bank accepted the assignment and is bound by its terms.

■■■ The bank contends that the documents contained ambiguities and through the introduction of parol evidence, sought to prove there was no intent that it was to pay plaintiff. We cannot agree because we find no ambiguity. If a contract is susceptible to more than one meaning, it is said to be ambiguous, and may be interpreted through the use of parol evidence. *Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154, 157 (1951). Conversely, if a written contract is worded so that it has a certain or definite legal meaning or interpretation, it is not ambiguous and is not susceptible to modification through the introduction of parol evidence. *Lewis v. East Texas Finance Co.,* 136 Tex. 149, 146 S.W.2d 977, 980 (1941); *Universal C.I.T. Credit Corp. v. Daniel, supra.* Moreover, the primary rule of construction of an instrument is to ascertain and give effect to the intention of the parties by the language used in the agreement. *Dedier v. Grossman,* 454 S.W.2d 231, 234 (Tex.Civ. App.—Dallas 1970, writ ref'd n. r. e.).

■ The bank argues that the language as to payment recited in the assignment conflicts with the following language in the construction contract:

. . . the parties of the first part [owner] hereby agree to pay to the party of the second part [plaintiff], at Grayson County State Bank, Sherman, Texas, the sum of Sixty-One Thousand Nine Hundred Ten and No/100 Dollars as follows: As evidenced by one (1) certain promissory note in the principal sum of said amount above stated, executed by parties of the first part [owner] and payable to party of the second part [plaintiff] and

bearing interest at the rate of 6½ per cent per annum and payable on or before the 9th day of December, 1966, which said promissory note is incorporated herein by reference and made a part hereof for all purposes . . ..

If this language creates an ambiguity, it is not related to the bank's obligation to pay plaintiff. We find, however, no ambiguity. Plaintiff expressly assigned to the bank his right to receive payment from the owner of the amounts provided in the construction contract, together with his lien securing such payments, and the bank expressly agreed to pay plaintiff for those rights. We see no conflict in these provisions, and no uncertainty of meaning which would authorize the court to resort to extrinsic evidence to explain the intention of the parties, or which would raise an issue of fact for determination by the jury. We hold, therefore, that the language used in these interrelated instruments provides unambiguously for payment by the bank of the consideration for the assignment in the event of partial completion of the contract to the extent of the actual labor and materials furnished by the plaintiff.

█   The bank also contends that it is not liable to plaintiff because the owner had not accepted in writing plaintiff's work and because all of the bills have not been paid. The bank argues that this is true because language in the assignment requires the plaintiff to obtain the owner's acceptance of the work and to furnish satisfactory evidence to the bank that all bills had been paid. That language is:

Said sum agreed to be paid by the said purchaser for said note may be paid as the work upon the said improvements provided for in the foregoing contract progresses, if the said purchaser deems it safe and prudent to make such payments, *but said entire amount shall be due and payable upon the completion of the said improvements, and when the undersigned shall have procured, for the said purchaser, the written acceptance of the improvements by the owners and when the undersigned shall furnish satisfactory evidence to the said purchaser that all bills or claims growing out of said building contract have been satisfied.* [Emphasis added.]

We cannot agree with the bank's construction of this language. We do not construe this language as imposing conditions precedent to plaintiff's right of recovery of its consideration from the bank to the extent of work performed and materials furnished. This language merely sets forth *when the entire amount of plaintiff's note is due and payable.* To hold, as the bank would have us do, that these are conditions precedent to partial payment would be contrary to the intent of the parties as shown by the documents as a whole. The language above quoted must be read together with the following provision, which appears in both the mechanic's lien contract, and in the deed of trust, which was later foreclosed: "[I]n the event that the improvements . . . should not be completed, the lien hereby established shall be binding and valid in the hands of the contractor or his assigns *to the extent of the actual labor and materials . . . furnished hereunder."* [Emphasis added.]

█   Since plaintiff assigned all his rights to the bank including his lien for partial performance as above provided, the evident intent was that the bank should pay consideration for the assignment to the extent of the lien assigned. Consequently, we cannot accept the bank's interpretation that plaintiff, who was prevented from completing its contract by the owner's default, would never be entitled to payment for partial performance. This construction would result in a manifest injustice that we cannot assume the parties intended.

Affirmed.