**PEARSON–SIBERT OIL COMPANY OF TEXAS et al., Appellants,**

v.

**O. L. (Jack) BURNEY, Appellee.**

**No. 4838.**

Court of Civil Appeals of Texas, Eastland.

Dec. 12, 1975.

Rehearing Denied Jan. 8, 1976.

D. Bruce Pope, Lynch, Chappell, Allday & Aldridge, Midland, for appellants.

Dan C. Cotton, Snyder, Forrest Bowers, Bowers & Cotten, Lubbock, for appellee.

WALTER, Justice.

In a nonjury trial O. L. Burney recovered a judgment against Pearson-Sibert Oil Company of Texas for $1500 for an alleged breach of a covenant in a deed conveying to Mr. Burney the:

" . . . Northeast one-fourth (NE¼) and the East Three-fourths (E¾) of the Southeast one-fourth (SE¼) of Section 145, and the East 478.5 acres of Section 162, all in Block 97, H. & T. C. Ry. Company Survey . . ."

Defendant has appealed.

Said Deed also contains the following:

"The grantors hereby covenant with the grantee that they, the grantors their heirs and assigns, will make, erect and thereafter maintain, so long as oil or gas is being produced from said property, at their own cost and expense, in a proper and substantial manner, *good and sufficient cattle guards at the entrances to said property most commonly used by the lessees, their agents and workmen, in the drilling and operating for oil, gas or other minerals on said property* . . ." (Emphasis added)

## *"FINDINGS OF FACT*

1. That Pearson-Sibert Oil Company of Texas were the producers of oil from a mineral interest, the surface of which belonged to the Plaintiff O. L. (Jack) Burney and that this relationship existed for more than four years before Plaintiff filed this suit.

2. That the Northern boundary of this lease was marked and coincided with a fence and in which fence there was a gate during the four years and more before the filing of this lawsuit.

3. That this gate was one of the most commonly used entrances into the land covered in the area of production by Defendant on Plaintiff's land.

4. That on the occasions this gate was used by employees and assigns of Defendant Pearson-Sibert Oil Company of Texas as well as other oil producing enterprises in connection with this production.

5. That this gate was left open by the people using the same and that such caused Plaintiff to have to perform labor and incur some expenses for the rounding up of any horses and cattle that came through the open gate.

6. That the gate made the subject matter of these findings was one appropriately covered by the agreement between Plaintiff and Defendant Pearson-Sibert Oil Company of Texas and under such agreement the Defendant had the burden of installing an adequate and sufficient cattle guard at this entrance.

7. That as a result of this failure the Defendant breached their contract to this extent and Plaintiff suffered damages on account of extra labor requiring menial type activity which would require the sum of $1,500.00 to adequately compensate him for this extra labor."

The oil company contends the Court erred in finding it was required to install a cattle guard at a gate on a fence dividing Sections 162 and 145 because this location is on an internal fence and is not at a commonly used entrance to the property. We agree.

Neither Burney nor the oil company contend the provision in the deed concerning the cattle guard is ambiguous. Burney contends the court correctly construed said provision and placed on the oil company the obligation to place a cattle guard at this internal location between Sections 162 and 145 as found by the court in his finding of fact number six (6).

The parties rely on *Lewis v. East Texas Finance Co.*, 136 Tex. 149, 146 S.W.2d 977 (1941), wherein the court said:

"If a written contract is so worded that it can be given a certain or definite legal meaning or interpretation, it is not ambiguous."

The quoted provision from the deed uses the words "at the entrance to said property most commonly used by the lessees . .." The words "said property" refers to the 762.5 acres in the two sections described in the deed. Sections 162 and 145 are adjoining sections and the fence and gate are located on the section line between the two sections. The location in question is not at a commonly used entrance to the property.

The judgment is reversed and judgment is rendered that Burney take nothing from Pearson-Sibert Oil Company of Texas.