**NOBLE HURLEY & COMPANY,**
**Appellant,**

v.

**BLACKJACK CLAY COMPANY, et**
**al., Appellees.**

**No. 1434.**

Court of Civil Appeals of Texas,
Tyler.

May 15, 1981.

Rehearing Denied June 26, 1981.

---

Appellees Blackjack Clay Company and Southern Clay Products, Inc., brought suit for declaratory judgment alleging that there was a dispute as to the construction of a written clay lease between them and appellant Noble Hurley and Company. Appellees alleged that they are obligated to pay only for clay which they remove from the ground and actually carry away from the leased premises and that appellant wrongfully contends that they are obligated to pay for all clay taken out of the ground, even for the unmarketable low-quality clay in the overburden, whether or not it is actually taken off the leased premises.

Appellant filed a general denial, and also filed a cross-action against appellees alleging that the Clay lease was entered into as a result of a mutual mistake as to the rights of the parties and that it is entitled to a cancellation of the clay lease. Additionally and alternatively appellant alleged that it is entitled to forfeiture of the lease for breach by appellees in the manner in which they conduct their mining operations. There were also independent counts for damage to appellant's lake and realty.

The trial court granted appellees' motion for partial summary judgment, holding there is no substantial controversy as to (1) mutual mistake of the parties as to the legal effect of the language of the lease; (2) unilateral mistake by appellant as to legal effect of the lease language; and (3) the meaning of the phrases "mined and removed from" or "taken and removed from" the leased premises, or other similar phrases in the lease.

The issue of damage to appellant's lake was submitted to a jury which found that the lake was damaged by the manner and method in which appellee Southern Clay handled the water in the second pit, but that such manner and method of handling the water was not negligence.

The trial court included the findings made and found in its partial summary judgment in a final judgment decreeing that appellees "are obligated to pay only for clay which they remove from the ground

Paul W. Brown, Branch & Brown, Dallas, Robert H. Fields, Fields, Fields & Hardee, Athens, Emerson Stone, Stone & Stone, Jacksonville, for appellant.

Willis D. Moore, Moore, Bateman & George, James R. Kittles, Athens, for appellees.

McKAY, Justice.

This case involves the construction of a written lease for the mining and removal of clay.

and actually carry away from the leased premises" and that appellant recover nothing from appellees. Appellant's motion for new trial was denied.

By three points appellant contends that the trial court erred (1) in granting the motion for partial summary judgment for appellees; (2) in holding that the sole remaining issue of material fact concerns the issue as to damages, if any, appellant is entitled to because of Southern's mining operations on the leased premises; and (3) in refusing appellant's motion for judgment N.O.V. because special issue 2 was a submission of an immaterial issue, and the answer of the jury thereto could not, as a matter of law, preclude recovery by appellant of damages resulting from the mode and manner of operating the leased premises by appellees.

The basic questions, as we see them, are (1) whether the language of the lease is ambiguous, and, if not, (2) what is the meaning of the language of the lease wherein it is written that it was executed by appellant

"for the purpose of prospecting, exploring for, mining, operating, producing, storing and *removing* therefrom *all* shale, *clays*, bentonite, and claylike substances and volcanic ash (but not oil and gas or sulphur) in and upon the following described property, together with the use of the surface thereof as may be necessary to produce, save, take care of, *and mine all such* shale, *clays*, and *claylike substances* * * *," (Emphasis added)

and the further provision reading:

"As Royalties *for all clay removed from the leased premises* by Lessee, Lessee shall pay to Lessors the sum of fifty cents ($0.50) *for each cubic yard of clay taken and removed from said land* for the first twenty thousand (20,000) cubic yards of clay removed in any one calendar year, and the sum of Fifty-Five and one-half cents ($0.55) per cubic yard *for all clay removed from the leased premises* in excess of 20,000 yards in any calendar year * * * " (Emphasis added)

Ambiguity has been defined to be "'an uncertainty of meaning or expression used in a written instrument; wanting clearness or definiteness; difficult to comprehend or distinguish; of doubtful import.'" *Business Men's Assur. Ass'n. v. Read*, 48 S.W.2d 678, 680 (Tex.Civ.App.—Amarillo 1932, no writ). If a contract is reasonably susceptible to more than one meaning it is ambiguous, but if only one meaning clearly emerges it is not ambiguous. *Universal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154, 157 (1951). The court in *Lewis v. East Texas Finance Co.*, 136 Tex. 149, 146 S.W.2d 977, 980 (1941) said:

"If a written contract is so worded that it can be given a certain or definite legal meaning or interpretation, it is not ambiguous. It follows that parol evidence is not admissible to render a contract ambiguous, which, on its face, is capable of being given a definite certain legal meaning. This rule obtains even to the extent of prohibiting proof of circumstances surrounding the transaction when the instrument involved, by its terms, plainly and clearly discloses the intention of the parties, or is so worded that it is not fairly susceptible of more than one legal meaning or construction."

Furthermore,

"It is elementary that if there is no ambiguity, the construction of the written instrument is a question of law for the Court, * * * It is the general rule of the law of contracts that where an unambiguous writing has been entered into between the parties, the Courts will give effect to the intention of the parties as expressed or as is apparent in the writing. In the usual case, the instrument alone will be deemed to express the intention of the parties for it is objective, not subjective, intent that controls."

*City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex.1968).

Appellant contends that there was proper summary judgment evidence before the trial court showing that appellees had the duty to mine and remove *all* shale, clays,

bentonite, and claylike substances and that there was error in granting appellees' motion for partial summary judgment; in the alternative, appellant says the trial court erred in granting the partial summary judgment because the lease is ambiguous and there were, therefore, genuine issues of material fact concerning the rights and duties of the parties to the lease. We disagree with both these contentions.

Appellant maintains that the proper construction of the lease is that appellees were obligated to pay royalty on every cubic yard of clay which was removed from its original and natural place whether or not such clay was removed and carried off the lease and sold. It is appellant's position that there is some clay suitable for making bricks which is being considered as a part of the overburden even though it is not being carried away. We do not agree with appellant's contentions.

■ In our view the lease contract here is not ambiguous. The language seems clear that it was the intention of the parties, by their writing, that appellant was to be paid by appellees for each cubic yard of clay "removed from the leased premises" or "taken and removed from said land," i. e., transported away from the leased premises. It is our view that the language of the lease does not directly, nor by inference, have the meaning that clay which was simply disturbed or moved from its original and natural location, but not hauled away from the premises, was to be paid for by appellees.

There is no contention that appellant has not been paid for each cubic yard of clay that has been mined and removed from the premises and transported to some location other than the leased premises.

Summary judgment, partial and interlocutory, may be granted

"if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, ... show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law...."

Tex.R.Civ.P. 166–A(c). We believe the trial court did not err in granting the partial summary judgment. Apparently the trial court was of the opinion there was no genuine issue as to any material fact except for any damages to appellant's lake and land. The jury found that appellees were not negligent in their operation, and there is no statement of facts in the record concerning the damage question. The lease provides that appellees had the use of the surface as necessary to mine clay on the premises.

■ It is the further contention of appellant that the trial court erred in refusing to grant its motion for judgment N.O.V. We do not find in the record that such motion was ever presented to the trial judge, nor do we find that the trial judge ever ruled on the motion. In the absence of such showing in the record the point is not preserved on appeal and is therefore overruled.

Judgment of the trial court is affirmed.