**AMERIPRISE FINANCIAL, INC. and Melissa Medeiros, Plaintiffs,**

v.

**John R. BAILEY and Jana Bailey, Defendants.**

No. 3:12–cv–04290–P.

United States District Court, N.D. Texas, Dallas Division.

May 13, 2013.

Mark C. Frels, How Frels Rohde Woods & Duke, Charles E. Woods, How Frels Berman Woods & Duke PC, Dallas, TX, Larry E. Mobley, Barrasso Usdin Kupper-

man Freeman & Sarver LLC, New Orleans, LA, for Plaintiffs.

Richard G. Danner, Jr., Law Office of Richard G. Danner, Charles Ray Billings, Baumgartner Billings & Bloom LLP, Dallas, TX, for Defendants.

## ORDER

JORGE A. SOLIS, District Judge.

Now before the Court are two Motions. First, Defendants filed a Motion to Dismiss on December 28, 2012. (Doc. 8) Plaintiffs filed a Response on January 17, 2013. (Docs. 14–15) Second, Defendants filed a Supplemental Motion to Dismiss on February 19, 2013. (Doc. 16) Plaintiffs filed a Response on March 5, 2013. (Doc. 17) After reviewing the parties' briefing, the evidence, and the applicable law, the Court DENIES Defendants' Motions.

## I. Background

Defendants are Texas residents and allegedly signed account agreements with Ameriprise Financial, Inc. ("Ameriprise") that contained arbitration clauses. (Doc. 1, p. 3) These arbitration clauses require Defendants to arbitrate all controversies in

accordance with the Financial Industry Regulatory Authority.[1]  (*Id.*)

On October 2, 2012, Defendants filed a state court verified petition to take depositions before suit.  (*See* Doc. 1–1) The petition requested leave to depose Ameriprise,[2] Tracy Crownover ("Crownover"),[3] and Melissa Medeiros.[4]  (*Id.* at 1–3) The purpose of this request was "to obtain testimony to investigate a potential claim." (*Id.* at 1)

As a preemptive strike, on October 24, 2012, Plaintiffs sued under the Federal Arbitration Act ("FAA") for an order compelling arbitration.  (Doc. 1, p. 3) Plaintiffs allege diversity as the sole basis for subject matter jurisdiction.  (*Id.* at 2 ("This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs."))  On October 29, 2012, the state court denied Defendants' petition to take depositions before suit. (*See* Doc. 14–1) In a related lawsuit, on November 28, 2012, Defendants sued Crownover and Ameriprise in state court. (*See* Doc. 17–3)

1. These account agreements were not attached to the Original Complaint; rather they surface in a subsequent filing.  (*See* Docs. 17–4, 17–5, 17–6) A court may review any document incorporated in the pleadings even if the document goes unattached.  *See Lovelace v. Software Spectrum,* 78 F.3d 1015, 1017–18 (5th Cir.1996) ("Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint.").  A document is "incorporated in the complaint" if the plaintiff refers to the document in the complaint.  *See Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 536 (5th Cir.2003) ("[T]his Court restricted such consideration to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim.").  For the purposes of

this Order, the Court reviews the Ameriprise Brokerage Client Agreement for Non–Qualified Brokerage Accounts and its accompanying documents because they are referenced in the Original Complaint and provided in response to Defendants' Supplemental Motion to Dismiss.  (*See* Docs. 17–4, 17–5, 17–6)

2. Ameriprise is Delaware corporation with its principal place of business in Minneapolis, Minnesota.  (Doc. 1, p. 1)

3. Tracy Crownover is a former Ameriprise representative and a resident of Texas.  (Doc. 1, p. 3;  Doc. 1–1, p. 1;  Doc 8, p. 2)

4. Melissa Medeiros is a Senior Compliance Analyst with Ameriprise and a resident of Minnesota.  (Doc. 1, p. 2;  Doc. 1–1, p. 1)

Defendants now move to dismiss because Plaintiffs: (1) failed to join a required party, and (2) did not produce the actual arbitration agreement.

## II. Motion to Dismiss
### a. Legal Standard

Federal courts are courts of limited jurisdiction and "possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "If the court determines at any time that it lacks subject matter jurisdiction, the court *must* dismiss the action." Fed.R.Civ.P. 12(h)(3) (emphasis added and text reformatted).

■ The FAA does not confer subject matter jurisdiction by itself. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. V) or otherwise."). Indeed, there must be an independent basis for the exercise of jurisdiction. *See id.* ("Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.").

A district court has original jurisdiction where, *inter alia*, there is complete diversity of citizenship and the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332(a) (West 2012). For complete diversity, "[a] district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir.2003).

Federal Rule of Civil Procedure 12(b)(7) allows a defendant to dismiss for "failure to join a party" under Federal Rule of Civil Procedure 19. *See* Fed.R.Civ.P. 12(b)(7). "Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue. It further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) (citing Fed.R.Civ.P. 19; *Pulitzer–Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir.1986)).

■ As a threshold determination, under Rule 19(a), a court must ascertain whether a person should be joined as a required party. *See* Fed.R.Civ.P. 19(a)(1)(A, B). A required party is one "whose joinder will not deprive the court of subject matter jurisdiction" and either: (1) the court "cannot complete relief" in the person's absence, *or* (2) disposing of the action would impair the person's legal interest or leave an "existing party" subject to duplicative or "inconsistent obligations." *Id.* If a required party is present, that party "must" be joined. Fed.R.Civ.P. 19(a)(1). "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after 'an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.'" *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir.2009) (quoting *Pulitzer*, 784 F.2d at 1309).

Should joining such a person destroy jurisdiction, pursuant to Rule 19(b), "the court must [then] determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed.R.Civ.P. 19(b). When considering dismissal, a court determines whether the person is "indispensable" by weighing:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties: (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed.R.Civ.P. 19(b)(1)-(4); *see also Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 393 (5th Cir.2006).

### b. Analysis

■ Defendants, both Texas residents, move to dismiss pursuant to Rule 12(b)(7) because Crownover, a Texas resident, is a necessary plaintiff in this diversity lawsuit. (*See* Doc. 8) In particular, Crownover "rendered investment and financial advice to [Defendants]." (*Id.* at 2) According to Defendants, "Crownover has personal knowledge of matters pertinent to the dispute and controversy between Ameriprise and [Defendants] and her conduct may be more culpable than the conduct of Ameriprise." (*Id.* at 3) Moreover, Defendants assert that a "conflict of interest" may exist between Crownover and Ameriprise that would preclude adequate representation of Crownover's legal interests. (*Id.*) In the alternative, Crownover has a legally protected interest that may suffer from this lawsuit and/or she may be subject to "inconsistent obligations or liability to [Defendants] because of this interest." (*Id.* at 4)

Reviewing the record, dismissal is not appropriate on the basis that Plaintiffs failed to join Crownover. From the outset, Crownover is not a required party under Rule 19(a) because the record is devoid of facts or evidence to indicate that complete relief cannot be attained without her. Even though Crownover may have intimate knowledge of the transactions that gave rise to this lawsuit, she can always be called as a witness without the need to designate her as a plaintiff. To the extent that Crownover has a conflict with Ameriprise due to her perceived higher level of culpability, Defendants are unable to articulate *what* that conflict is or *why* she is more culpable. The Court only has attorney argument to go by. Even taken as true, subrogation or a related adversary proceeding would alleviate these perceived evils. In short, Defendants cannot establish how adding Crownover would balance the legal equation. Beyond this, Defendants are unable to demonstrate that the absence of Crownover would impede her ability to protect a legal interest or subject an existing party to multiple rounds of litigation. Although Crownover is a party in a pending state lawsuit, this proposition alone does not conjure into being a required party where, as here, the instant lawsuit invokes the FAA. *See Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 394 (5th Cir.2006) ("The threat of piecemeal, inconsistent litigation of claims and issues, the Browns' primary concern, is insufficiently prejudicial to render a party indispensable under Rule 19 given the oft-stated preference for arbitration under the FAA." (citing *Snap–On Tools Corp. v. Mason*, 18 F.3d 1261, 1267 (5th Cir.1994); *Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 446 (2d Cir.1995))). Additionally, the

record lacks facts or evidence to indicate *how* Crownover's legal interests will sufficiently suffer to such an extent necessitating dismissal. *Cf. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement."). As a final matter, assuming that Crownover could qualify as a required party under Rule 19(a), the factors listed under Rule 19(b) dictate toward the maintenance of this suit. Although Defendants completely fail to address these factors, the Court nevertheless reviews the entire record and is unable to find any looming potential for prejudice or an inadequate judgment that would otherwise jettison this action.[5] *See Brown*, 462 F.3d at 394 ("Finally, although the state court may be able to provide an adequate alternative remedy, such availability is insufficient reason for deciding that an FAA action should not proceed." (citing *Bio–Analytical Servs., Inc. v. Edgewater Hosp., Inc.*, 565 F.2d 450, 453 (7th Cir.1977))).

In sum, the Court declines to dismiss this lawsuit because Crownover is neither a required nor an indispensable party.

### III. Supplemental Motion to Dismiss

Although styled as a supplement to the aforementioned Motion to Dismiss for Failure to Join a Required Party, the supplement merely adds that "Plaintiffs have not met their burden of proof of demonstrating to the Court that the parties agreed to arbitrate" because "Plaintiffs

have steadfastly refused to produce a copy of the alleged account agreements containing pre-dispute arbitration clauses." (Doc. 16, pp. 1, 4)

The advent of an agreement to arbitrate allows a party to request dismissal or compel arbitration. *See Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir.2005) ("Because our court has accepted Rule 12(b)(3) as a proper method for seeking dismissal based on a forum selection clause, we need not decide whether a Rule 12(b)(1) motion would be appropriate."); *Pers. Sec. & Safety Sys. v. Motorola Inc.*, 297 F.3d 388, 392 (5th Cir. 2002) ("Because arbitration is necessarily a matter of contract, courts may require a party to submit a dispute to arbitration only if the party has expressly agreed to do so."). As a threshold, before an arbitration clause can be enforced, there must be an agreement. *See First Options v. Kaplan*, 514 U.S. 938, 945, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) ("[A] party can be forced to arbitrate only those issues it specifically has agreed to submit to arbitration . . . ."). An agreement is generally defined by state law. *Id.* at 944, 115 S.Ct. 1920 ("When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally (though with a qualification we discuss below) should apply ordinary state-law principles that govern the formation of contracts." (citations omitted)).

Contract ambiguity is a question of law. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex.2003) (citing *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex.1983)). To properly construe a contract, a court endeavors to discern the

---

**5.** Having found that Crownover is not a required party, Defendants' argument pursuant to Rule 19(c) fails as well. (Doc. 8, p. 4); *see also* Fed.R.Civ.P. 19(c) ("When asserting a claim for relief, a party must state: (1) the name, if known, of any person who is required to be joined if feasible but is not joined; and (2) the reasons for not joining that person.").

intent of the parties by "afford[ing] the words used by the parties their plain, ordinary, and generally accepted meaning, unless the instrument requires otherwise." *Chesapeake Operating, Inc. v. Denson,* 201 S.W.3d 369, 371 (Tex.App.-Amarillo 2006, pet. denied) (citing *Sun Operating Ltd. P'ship v. Holt,* 984 S.W.2d 277, 285 (Tex. App.-Amarillo 1998, pet. denied); *Phillips Petroleum Co. v. Gillman,* 593 S.W.2d 152, 154 (Tex.Civ.App.-Amarillo 1980, writ ref'd n.r.e.)); *see also R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc.,* 596 S.W.2d 517, 518 (Tex.1980). Intent requires examination of the entire document "so that the effect and meaning of one part on any other part may be determined." *Heritage Res. v. NationsBank,* 939 S.W.2d 118, 121 (Tex.1996). A contract is unambiguous if it can be given definite or certain legal meaning. *See Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.,* 940 S.W.2d 587, 589 (Tex.1996). When a contract is unambiguous, extrinsic evidence that creates an ambiguity or varies the meaning of the plain language is not considered. *See Lewis v. E. Tex. Fin. Co.,* 136 Tex. 149, 146 S.W.2d 977, 980 (1941). Conversely, if the contract is subject to two or more reasonable interpretations, a fact issue on intent remains due to ambiguity. *See Columbia Gas Transmission Corp.,* 940 S.W.2d at 589. A contract is not ambiguous simply because the parties advance different interpretations. *See Am. Mfrs. Mut. Ins. Co. v. Schaefer,* 124 S.W.3d 154, 157 (Tex.2003).

██ In response, Plaintiffs finally supply the long awaited agreements at issue. (*See* Docs. 17–4, 17–5, 17–6) To the extent that Defendants challenge the efficacy of the agreements themselves, they fail to allege facts that would bring the validity or enforceability of these documents into question. On the face of the Ameriprise Brokerage Client Agreement for Non–Qualified Brokerage Accounts, paragraph 24 is titled "Arbitration" and unequivocally states in conspicuous language:

> YOU AGREE THAT ALL CONTROVERSIES THAT MAY ARISE BETWEEN U.S. (INCLUDING, BUT NOT LIMITED TO THE BROKERAGE ACCOUNT OR ADVICE PROVIDED BY A BROKER OR REPRESENTATIVE), WHETHER ARISING BEFORE, ON OR AFTER THE DATE THIS ACCOUNT IS OPENED SHALL BE DETERMINED BY ARBITRATION IN ACCORDANCE WITH THE RULES THEN PREVAILING OF THE FINANCIAL INDUSTRY REGULATORY AUTHORITY.

(Doc. 17–5, p. 3) John Bailey acknowledged this agreement by signing separate documents. (*See* Doc. 17–4, p. 7; Doc. 17–6, p. 8) The record does not indicate a latent ambiguity or the need to import extrinsic evidence into the analysis. Similarly, under the FAA, Jana Bailey would be subject to any legal effects of this clause as well. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 20, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement.").

In short, Defendants' supplemental request is denied because Plaintiffs produced the allusive agreements and, to the extent that Defendants call into question the validity of these documents, dismissal is not appropriate for the reasons stated above.

## IV. Conclusion

For the foregoing reasons, the Court DENIES Defendants' Motions.

**IT IS SO ORDERED.**